581 A.2d 990

Connie PIERETTI, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DENNY'S, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 27, 1990.

Decided Sept. 27, 1990.

Reconsideration and Reargument Denied Nov. 21, 1990.

310

George Martin, Martin & Clemens, Philadelphia, for petitioner.

L. Rostaing Tharaud, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Connie Pieretti (Claimant) seeks review of that portion of the order of the Workmen's Compensation Appeal Board (Board) denying Claimant's request for a remand to the referee for assessment of counsel fees against Denny's, Inc. (Employer) on the basis of an unreasonable contest.[1] Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996.[2] The issue presented for review is whether the

---

[1] Two separate cases were consolidated on appeal to the Workmen's Compensation Appeal Board, the instant matter and an additional one. In the additional matter, Claimant raised the issue of whether or not the referee improperly dismissed her review petition, wherein she requested recalculation of her average weekly wage in light of the referee's failure to consider her tips. As to this additional matter, the Board vacated and remanded to the referee for evidentiary hearings and recalculation of Claimant's average weekly wage.

The Board addressed both cases in a single opinion and order dated July 24, 1989. Although this Court's review of both determinations has been sought, we are presently concerned with the instant matter only, docketed at No. 1632 C.D.1989, and not the additional matter, docketed at No. 1563 C.D.1989. Accordingly, we are now reviewing only that portion of the Board's July 24, 1989 opinion and order denying Claimant's request for assessment of counsel fees against her employer, Denny's, Inc.

[2] Section 440 of the Act directs that:

referee and Board erred in failing to assess Claimant's counsel fees against Employer. We reverse and remand.

Claimant was employed as a waitress for Employer from July 16, 1985 until September 30, 1985 when she sustained an injury for which she received compensation benefits. Thereafter, on July 10, 1986, Employer filed a petition to terminate or suspend Claimant's benefits, alleging that she was able to resume her former employment without loss in earnings and without limitations as of April 1, 1986, which allegation was denied by Claimant. Employer also requested a supersedeas on Claimant's compensation benefits.

After hearing on Employer's supersedeas request, the referee, by interlocutory order dated October 3, 1986, denied the supersedeas and directed the deduction of a 20% counsel fee from Claimant's award for her attorney. Four further hearings were scheduled by the referee, three of which were evidently continued, and, on March 9, 1988, the record was closed without presentation of any evidence by Employer in support of its termination/suspension petition. Prior to entry of the referee's decision, Employer requested that its petition be withdrawn, which request was granted

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been *finally determined* shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: And provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.
In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, in whole or part, is *resolved* in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth. (Emphasis added.)

by order dated April 14, 1988.[3]

Claimant thereafter appealed to the Board, asserting error by the referee in not ordering payment of her counsel fees and requesting a remand for assessment of counsel fees on the basis of Employer's unreasonable contest. The Board, in denying Claimant's appeal, stated that Employer's petition was never fully litigated with a final determination made on the merits and, accordingly, found no error by the referee in permitting the withdrawal of Employer's petition without finding an unreasonable contest.

On review, Claimant contends that Employer cannot avoid the imposition of counsel fees pursuant to Section 440 of the Act, 77 P.S. § 996, by requesting that its petition be withdrawn prior to the referee's decision but after the record was closed. Otherwise, according to Claimant, a self-insured employer or its insurance carrier

> could always avoid the award of unreasonable contest attorney's fees, no matter how justified the award of those fees may be, by writing to the Referee at the twenty-fourth (24th) hour requesting a withdrawal of their Petition. Under the logic of the Board, the Petition having been withdrawn, there is no final determination and the [self-insured employer or its insurance carrier] would not be responsible for what could be extensive costs on the part of the claimant in defending the ... Petition. This is surely not in conformity with the strong social policy upon which the [Act] is based.

Petitioner's Brief, p. 8. Claimant also asserts that there was a final determination entered here within the meaning of Section 440 of the Act, 77 P.S. § 996, by virtue of the referee's April 14, 1988 order. We find Claimant's position persuasive.

 Section 440 of the Act, 77 P.S. § 996, is designed to discourage unreasonable contests of workers' claims and to ensure that successful claimants receive compensation benefits undiminished by costs of litigation. *Poli v. Work-*

---

**3.** In this order, the referee mistakenly states that Claimant's attorney requested Employer's petition to be withdrawn.

*men's Compensation Appeal Board,* 34 Pa.Commonwealth Ct. 630, 384 A.2d 596 (1978). Furthermore, the provisions of the Act are to be liberally construed in the light most favorable to the claimant. *Boro of Midland v. Workmen's Compensation Appeal Board (Granito),* 127 Pa.Commonwealth Ct. 462, 561 A.2d 1332 (1989). Accordingly, borderline interpretations are to be resolved in the claimant's favor. *Kerr v. Workmen's Compensation Appeal Board (Campbell Co.),* 108 Pa.Commonwealth Ct. 30, 529 A.2d 62 (1987).

■ Here, the issue before us for review requires us to interpret two terms contained in Section 440 of the Act, 77 P.S. § 996; specifically, the terms "finally determined" and "resolved". These terms are essentially synonymous, both meaning either to decide or to end a controversy. Black's Law Dictionary 405 (5th ed. 1979) and Webster's New World Dictionary of the American Language 1239 (College ed. 1962).

■ Admittedly, there was no final determination made as to the merits of the case *sub judice.* However, there was, without question, a contest as to liability initiated by Employer with a final determination thereof, at least in the sense that Employer's liability for payment of Claimant's compensation benefits would continue since it withdrew its petition. Equally without question, there was a conclusion of that portion of the controversy before us for review, which conclusion was in Claimant's favor. *See Boothman v. Workmen's Compensation Appeal Board (City of Philadelphia),* 74 Pa.Commonwealth Ct. 234, 459 A.2d 1317 (1983) (the employer's acquiescence on the issue of its liability established the claimant's status as the prevailing party).

Keeping in mind the caveat concerning borderline interpretations and the purpose of section 440 of the Act, 77 P.S. § 996, as previously noted, we conclude that the Board erred in interpreting Section 440 to require a final determination on the merits of Employer's petition, which, we

stress, was not withdrawn until after Claimant requested her counsel to defend against the petition as well as the supersedeas request and after the record closed.

"In cases involving petitions for [suspension or] termination which are resolved in favor of the employe, [as here], an award of attorney's fees is ordinarily the rule, with their exclusion being proper only where the record has established a reasonable basis for the contest." *Edmond v. Workmen's Compensation Appeal Board,* 43 Pa.Commonwealth Ct. 458, 459–460, 402 A.2d 715, 716 (1979). Although the reasonableness of an Employer's contest is a conclusion of law predicated upon facts as found by the referee which are supported by substantial evidence, *Id.,* there are instances where a specific finding as to the reasonableness of a contest is not required and a remand therefor is not necessary. *Penczkowski v. Workmen's Compensation Appeal Board (Foster–Wheeler Energy Corp.),* 97 Pa.Commonwealth Ct. 419, 509 A.2d 964 (1986).

In our view, Employer's withdrawal of its petition here constitutes an admission that its contest was unreasonable, rendering a remand unnecessary. In any event, where, as here, an employer persists in maintaining a suspension or termination petition absent evidence to support the remedy sought, the employer's contest is unreasonable as a matter of law for purposes of awarding counsel fees under Section 440 of the Act, 77 P.S. § 996. *See Weidner v. Workmen's Compensation Appeal Board,* 497 Pa. 516, 522 n. 4, 442 A.2d 242, 245 n. 4 (1982). *See also Boothman.*

Having found Employer's contest to be unreasonable as a matter of law, we conclude that Claimant is entitled to an award of reasonable attorney's fees under Section 440 of the Act, 77 P.S. § 996. As there is insufficient evidence of record concerning the exact amount, type and degree of difficulty of the work performed by Claimant's counsel on her behalf, we must remand the record for specific findings and further hearings, if necessary, as to the work performed by Claimant's counsel, following which a new order

should be entered assessing reasonable attorney's fees against Employer.[4]

For the foregoing reasons, the Board's order is reversed and this case is remanded for computation and assessment of reasonable attorney's fees consistent herewith.

## ORDER

AND NOW, this 27th day of September, 1990, that portion of the order of the Workmen's Compensation Appeal Board, dated July 24, 1989, at No. A–96111, denying Connie Pieretti's request for assessment of counsel fees against Denny's, Inc., is reversed and the above-captioned case is remanded for computation and assessment of a reasonable sum for attorney's fees in accordance with the foregoing opinion.

Jurisdiction relinquished.

---

**4.** As previously noted, by interlocutory order dated October 3, 1986, the referee awarded a 20% counsel fee to Claimant's attorney that was to be deducted from her compensation benefits. Of course, Claimant's counsel is not entitled to be recompensed twice for any work performed on Claimant's behalf. Accordingly, if such fees have in fact been paid from Claimant's compensation benefits, Claimant is entitled to reimbursement from Employer for the amount so paid with any remaining balance to be paid by Employer to Claimant's counsel.