606 A.2d 614

**Alice HILL, Widow of Richard K. Hill, deceased, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LENTZ MILLING COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 31, 1992.

Decided March 24, 1992.

---

Lester Krasno, for petitioner.

Harry W. Reed, Jr., for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

This is a petition for review by the claimant, Alice Hill, from a Workmen's Compensation Appeal Board (board) order which affirmed the referee's decision awarding fatal claim benefits and denying her request for counsel fees.

The facts as found by the referee are as follows. Robert Hill, the decedent, was unloading a truck on July 18, 1985 for Lentz Milling Company (employer). It was a hot day; the decedent was sweating profusely and experiencing chest pain. He collapsed from an acute myocardial infarction and was transported by paramedics to Allegheny General Hospital where he was pronounced dead on July 20, 1985.

Mary Louise Kundrat, M.D., the treating physician, testified the decedent was a non-smoker with no previous heart problems. However, he did have an underlying coronary artery disease. It was Dr. Kundrat's opinion that the work activity, unloading the truck, was a material contributing factor in causing Mr. Hill's death.

Our scope of review is to determine whether the findings of the referee are supported by substantial evidence or whether constitutional rights were violated or an error of law was committed. *Nesman v. Workmen's Compensation Appeal Board (Welded Construction Company)*, 121 Pa.Commonwealth Ct. 90, 550 A.2d 583 (1988).

The sole issue for our review is whether Employer's contest was reasonable, thereby precluding the award of attorney's fees to the claimant. Section 440 of The Pennsylvania Workmen's Compensation Act (Act),[1] states in relevant part:

> In any contested case where the insurer has contested liability in whole or in part, the employe ... in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award of compensation, a reasonable sum for costs incurred for attorney's fee ...: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established.

Our task in examining this question is made more difficult by the fact that the referee, the board and the employ-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996, added by Section 3 of the Act of February 8, 1972, P.L. 25.

er give different reasons why the contest was reasonable. We have examined each of these reasons and find they are invalid.

The referee concluded that "[d]ue to the age of the deceased and lack of risk factors, it was reasonable to contest this matter." [2] The board agreed and determined that the contest was reasonable based on the employer's cross-examination of Dr. Kundrat, who admitted that heart attacks do not generally occur during strenuous activities, such as unloading a truck. It also concluded that a reasonable contest existed because the claimant's testimony about her husband's heart attack might not have been admissable. The employer, on the other hand, contends the contest was reasonable because the claimant failed to provide her medical report until after the original hearing.

■■■ Section 440 of the Act is designed to discourage unreasonable contests of workers' claims and to ensure that successful claimants receive compensation benefits undiminished by the cost of litigation. *Pieretti v. Workmen's Compensation Appeal Board (Denny's, Inc.)*, 135 Pa.Commonwealth Ct. 309, 581 A.2d 990 (1990). The award of attorney's fees is the rule in a workmen's compensation case when the claimant prevails unless the record evidence establishes a reasonable basis for the contest. *Kane v. Workmen's Compensation Appeal Board*, 62 Pa.Commonwealth Ct. 192, 435 A.2d 312 (1981). In *McConnell v. Workmen's Compensation Appeal Board (Western Center)*, 111 Pa.Commonwealth Ct. 521, 523, 534 A.2d 571, 573 (1987), we held:

> The burden is on the employer to present sufficient evidence to establish a reasonable basis for the contest.

> .    .    .    .    .

> Whether the contest is reasonable is a question of law, subject to review by this court. As such, this court may examine the record to determine if the evidence presented supports the conclusion.

2. Conclusion of Law, No. 4, Referee's Decision, 12/14/89.

■ The referee's conclusion that the decedent's age and "lack of risk factors" can form the basis of a reasonable contest is simply incomprehensible. Admittedly, Robert Hill was a young man, thirty-nine years old, a non-smoker with no previous heart problems. However, those factors alone certainly have no relevancy in determining that his work was a contributing factor to his fatal heart attack. Therefore, we find the referee erred in his conclusion of law that these factors amounted to a reasonable basis to contest the claim.[3]

■ Next, we reject the board's conclusion that the cross-examination of Dr. Kundrat[4] formed the basis of a reasonable contest, given the referee's conclusion that Dr. Kundrat's testimony "was rendered unequivocally with reasonable medical certainty establishing a relationship between work and the resulting death."[5] Moreover, in light of the liberal rules in workers' compensation hearings, we do not agree the mere possibility that claimant's testimony was inadmissible establishes a reasonable basis upon which to contest the claim. This court, in *Housemoving and Industrial Rigging, Inc. v. Workmen's Compensation Appeal Board (Henchell)*, 38 Pa.Cmwlth. 21, 391 A.2d 1105 (1978), stated that the testimony of a claimant concerning the symptoms of the decedent prior to his death was admissible

3. It is difficult to reconcile the referee's conclusion about the decedent's "lack of risk factors," especially in view of the fact that the decedent's brother died of a heart attack at the age of fifty-nine, and his mother suffers from angina. (Notes of Testimony, 3/23/88, pp. 19–20).

4. The relevant portion of Dr. Kundrat's testimony reads as follows:
   Q. Am I correct that as a general statement about heart attacks that they occur mainly while the patient or victim of the heart attack is at rest without physical activity or emotional distress?
   A. Yes, sir. If you go on statistics, the highest incidence of heart attacks if you take it across the board is—and that is all age groups for not selecting for age related factors, et cetera, we are not selecting out of specific sub sets [sic] of myocardial infarction, it does occur in the early morning hours while patients are in bed. But you are lumping all types of heart attacks together in all age groups of both sexes.
   (Notes of Testimony, 1/25/89, pp. 25–26.)

5. Conclusion of Law, No. 3., Referee's Decision, 12/14/89.

as an exception to the hearsay rule when such testimony is based upon statements made by the decedent to the claimant concerning his physical condition, e.g., reports of chest pains or numbness in arms.

■ Finally, we address the employer's contention that the claimant's failure to provide its medical expert's report until after the original hearing made it reasonable to contest the claim. We do not agree. From the time the claim was filed until the final hearing on January 25, 1989, either the employer did not investigate the claim or it *did*, failing to discover, however, any evidence which would reasonably support its contest because no such evidence was produced. Furthermore, after the hearing was concluded, the employer asked for time to depose a doctor to contest the claim, as is evident from the following exchange:

Referee Deeley: Do you have any other witnesses or testimony.

Mr. Krasno: We rest.

. . . . .

Referee Deeley: Do you have any witnesses or testimony, Mr. Reed.

Mr. Reed: Not at this time. I intend to take the deposition of a medical expert once I get a transcript of this....

(Notes of Testimony, 1/25/89, p. 27.)

We see no merit in the employer's argument because, in the eleven-month period between the final hearing and the referee's decision, the employer never presented any medical evidence, or for that matter, any other evidence. There is no showing that the result would have been any different if the employer had the medical report prior to January 25, 1989. Therefore, this argument is rejected.

It is obvious that, at the time the employer contested the fatal claim petition, it did not have any evidence to do so. The employer simply rejected the claim and then tried to develop a reasonable contest in the course of the litigation. The purpose of Section 440 of the Act is to eliminate such contests when no viable reason exists to contest the claim.

The award of attorney's fees is appropriate in precisely this type of situation.

Therefore, we hold that the board committed an error of law in concluding this contest was reasonable, when the referee and board found that the claimant had met her burden by unequivocal medical evidence, and there was no evidence presented by the employer that the fatal heart attack was *not* related to the decedent's work.

Accordingly, the board's order is reversed.

## ORDER

AND NOW, this 24th day of March, 1992 the order of Workmen's Compensation Appeal Board at A90–135, dated August 26, 1991, is hereby reversed.