612 A.2d 598

**TRANSAMERICAN OFFICE FURNITURE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SETEGNA FANTA), Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1992.

Decided June 25, 1992.

---

96

J. Shane Creamer, Jr., for petitioner.

Robert S. Waldman, for respondent.

Before CRAIG, President Judge, and McGINLEY, (P.) and KELLEY, JJ.

KELLEY, Judge.

Transamerican Office Furniture (employer) appeals an order of the Workmen's Compensation Appeal Board directing employer to pay ongoing counsel fees of twenty percent of Setegna Fanta's (claimant) award to claimant's attorney based on a determination that employer's contest of claimant's compensation was unreasonable. We affirm.

Claimant was employed as a warehouseman for employer when he sustained an injury to his back on August 26, 1988. Claimant's supervisor witnessed the accident, and claimant also notified employer's general manager and product manager that he had been injured at work. Claimant was placed on light-duty work for the remainder of the day.

Section 406.1 of the The Pennsylvania Workmen's Compensation Act (Act)[1] provides that an employer shall promptly investigate each injury reported or known to the employer, and shall commence payment of compensation due no later than the twenty-first day after the employer has notice or knowledge of the employee's disability. Having received neither a denial of compensation, nor any indication that employ-

1. Act of June 2, 1915, P.L. 736, *as amended*, added by Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1.

er intended to compensate him for his injury, claimant contacted and retained an attorney with whom he entered into a fee agreement for twenty percent of any compensation awarded. Claimant's attorney prepared a claim petition which he filed on September 26, 1988. The claim petition alleged that claimant became disabled due to injuries incurred at work on August 26, 1988, and also contained a request that attorney fees be imposed on employer based on an unreasonable contest.

Employer issued a notice of compensation payable on September 30, 1988 and, by letter dated October 6, 1988, informed claimant that a weekly compensation check had been issued on September 29, 1988. Although employer never issued a notice of compensation denial, employer's insurance carrier filed an answer to claimant's claim petition on or about October 12, 1988, in which it denied the material allegations contained therein. Employer's insurance carrier filed an amended answer on or about October 20, 1988, in which it contended that claimant's petition was out of order because a notice of compensation payable had been filed.

The referee, by opinion and order dated November 28, 1989, found that the notice of compensation payable was not filed within the twenty-one-day limitation period provided for in section 406.1, and concluded that employer failed to establish a reasonable contest. The referee then imposed counsel fees against employer in the amount of twenty percent of claimant's award, the same percentage provided for in claimant's fee agreement with his counsel. Employer appealed to the Board which affirmed the referee. This appeal followed.

The issues raised by employer on appeal are whether there was an unreasonable contest and, if so, whether the fees imposed were reasonable.[2] We note initially that employer argues only that it did not contest claimant's right to compen-

2. Our scope of review is limited to determining whether there is substantial evidence in the record to support the referee's findings of fact, whether an error of law has been committed, or whether constitutional rights have been violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

sation. Employer does not argue in the alternative that should we determine that its actions constituted a contest, that its contest was reasonable.

The resolution of these issues is controlled by section 440 of the Act[3] which provides as follows:

> In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, ...: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established....

Accordingly, in contested workmen's compensation cases, an award of attorney's fees to the claimant is the rule and their exclusion is the exception, to be applied only in cases where the record establishes that the employer's or carrier's contest is reasonably based. *Weidner v. Workmen's Compensation Appeal Board,* 16 Pa.Commonwealth Ct. 561, 332 A.2d 885 (1975), *appeal after remand,* 41 Pa.Commonwealth Ct. 601, 399 A.2d 1176 (1979). The employer has the burden of presenting sufficient evidence to establish the reasonable basis for a contest. *McConnell v. Workmen's Compensation Appeal Board (Western Center),* 111 Pa.Commonwealth Ct. 521, 534 A.2d 571 (1987).

Employer argues that it did not contest claimant's claim for benefits because it never filed a notice of denial of compensation and ultimately issued a notice of compensation payable, inferring that the only way in which an employer may contest a claim is through the issuance of a notice of denial. We disagree.

The purpose of section 406.1 is to avoid situations in which employers or their insurance carriers withhold compensation for unexplained reasons and to assure full payment of

3. 77 P.S. § 996.

compensation when due.[4]  Therefore, we hold an employer's failure to comply with the requirements of section 406.1 without explanation constitutes a "contest" for which attorney's fees may be awarded.[5]  To hold otherwise would permit and even encourage employers to indefinitely avoid and/or delay payment to worthy claimants in derogation of the Act.

Claimant testified at length regarding employer's knowledge of his injury.  Employer does not dispute that it knew of claimant's disability on August 26, 1988, the date of his work-related injury.  Employer's counsel did not object to claimant's testimony in this regard, and also conceded this point in a discussion with the referee at the hearing on January 3, 1989.  Therefore, employer was required to begin paying compensation benefits to claimant on or before September 16, 1988.  By failing to do so, employer contested claimant's entitlement to compensation.

■  Employer presented no evidence before the referee to establish a reasonable basis for contest and offered no explanation for its delay in awarding compensation.  Nor did employer contend that it would have awarded compensation had claimant not filed a claim petition.  Instead, employer argued only that it had not contested claimant's claim petition. Because employer did not present any evidence to establish that its contest was reasonable, it failed to meet its burden of proving that it had a reasonable basis for contest in this case. *Boothman v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 74 Pa.Commonwealth Ct. 234, 459 A.2d 1317 (1983).

In addition, we cannot ignore the fact that employer comes to this court seeking relief with unclean hands.  But for employer's violation of section 406.1, this case could have been settled between the parties without claimant having to retain

4.  This purpose is contained in the preamble to the Act of February 8, 1972, P.L. 25, and is set out in the Historical and Statutory Notes following 77 P.S. § 717.1.

5.  We recognize that a request for penalties may have been a more appropriate avenue through which to admonish employer's actions. However, nothing in the Act precludes claimant from requesting attorney's fees in situations such as the one presented here.

counsel. Instead, employer forced claimant to enter into a fee agreement which he would not have otherwise been required to enter into, thereby depriving him of the full amount of compensation to which he would otherwise have been entitled.

■ Employer did not raise the issue of whether the fees imposed were reasonable below. The only issue raised before the Board was that employer had not contested claimant's request for benefits. Issues not raised are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 1551. Therefore, employer has waived the issue of whether the fees imposed were reasonable.

Accordingly, we affirm.

## ORDER

NOW, this 25th day of June, 1992, the order of the Workmen's Compensation Appeal Board, dated May 10, 1991, at No. A90–228, is affirmed.