633 A.2d 1250

STRATTAN HOMES, INC., Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (HOLLIS), Respondent.

Kenneth HOLLIS, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (STRATTAN HOMES, INC. and Aetna Life & Casualty), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 30, 1993.

Decided Nov. 4, 1993.

434

436

438

Michael J. Wagner, for petitioner/respondent Strattan Homes, Inc.

John G. Achille, for respondent/petitioner Kenneth Hollis.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Kenneth Hollis (claimant) and Strattan Homes, Inc. (employer) both appeal from an order of the Workmen's Compensation Appeal Board (board) which affirmed a referee's decision. The referee granted in part claimant's petition to set aside final receipt and claimant's reinstatement petition and denied claimant's penalty petition. The referee also granted in part and denied in part employer's termination petition and struck off the joinder of a subsequent employer as a party defendant.

On May 22, 1986, claimant suffered a work-related injury to his groin area and received compensation benefits pursuant to a notice of compensation payable. On September 9, 1986, claimant signed a final receipt which terminated compensation on September 2, 1986.

On or about February 8, 1988, claimant filed a petition to set aside final receipt alleging that he was not recovered from his injury or, in the alternative, had subsequently become disabled as a result of his injury. Employer filed a timely answer alleging that claimant has not been disabled since the signing of the final receipt and was not currently disabled from the work injury of May 22, 1986.

On or about August 4, 1989, claimant filed a penalty petition alleging that employer was unreasonably contesting his claim and unreasonably delaying payment of wage loss benefits and medical expenses. On December 20, 1989, claimant filed a reinstatement petition alleging that subsequent to the execution of the final receipt he never returned to his pre-injury job. Employer filed timely answers to both petitions.

On or about March 5, 1991, employer filed a cautionary termination petition alleging that claimant had fully recovered from any and all disability related to his work-related injury as of September 19, 1989. Claimant filed a timely answer to the cautionary termination petition.

In addition, employer filed a petition for joinder against a subsequent employer, Keith Brothers, alleging that any disability that claimant was suffering was a result of an injury claimant sustained while employed by Keith Brothers after signing the final receipt with employer.

All the petitions were consolidated and after a hearing the referee made the following relevant findings of fact.

3. a. The claimant's average weekly wage figure as of May 22, 1986, is $232.45;

b. The claimant had not fully recovered from his May 22, 1986, injury as of September 2, 1986, but he had recovered sufficiently to return to work without loss of earnings effective September 2, 1986;

c. The claimant's total disability from his injury of May 22, 1986, recurred effective October 20, 1987, at which time he underwent surgery designed to repair the residuals from said work injury, as a result of which he was again disabled;

d. The claimant experienced periods of partial disability and periods of total disability thereafter due to the limited availability of work within his physical abilities;

e. All of the jobs performed by the claimant after October of 1987 were less strenuous than his time-of-injury job at Strattan Homes;

f. Effective February 6, 1989, the claimant had a complete loss of earnings as the result of a non-work injury he suffered in January of 1989 which had limited his ability to work and resulted in his lay-off from Keith Brothers;

g. The claimant's earnings at Keith Brothers equalled or exceeded his time-of-injury average weekly wage at Strattan Homes;

h. By September 19, 1989, the claimant had recovered sufficiently from his injury of May 22, 1986, his surgery of October 20, 1987, and his non-work January 1989 injury so as to be capable of performing his time-of-injury job at Strattan Homes; and

i. The claimant did not sustain any new injury nor any aggravation of his May 22, 1986, injury while at work for Keith Brothers; nor any recurrence of disability resulting from that 1986 injury at any time after September 19, 1989.

4. Based upon a careful review of the entire record in this case, your Referee further finds as fact that the claimant signed the Final Receipt on September 9, 1986, because he was ready to return to work at his time of injury job. Strattan Homes indicated an interest in putting him back to work, if he was ready to sign the Final Receipt and get back to work.... Your Referee is not persuaded that the claimant was mislead [sic] in any manner as to the significance of the Final Receipt, nor that he was required to sign the Final Receipt as a condition of receiving his last Worker's Compensation check. He was told that he had to sign the Final Receipt before he could come back to work for Strattan Homes. He signed-up for unemployment compensation benefits at some time after signing the Final Receipt, and was sent to work at various jobs through the Unemployment office thereafter. He worked first washing dishes at a restaurant, then worked for Delta construction in January and February of 1987, and at S.W.D. Enterprises in May of 1987 building houses, and then at Keith Brothers from June of 1988 through

February 6, 1989; all on referrals from the Job Service at the Unemployment Compensation office, and all less strenuous than his time-of-injury job at Strattan Homes.

. . . .

6. Claimant's counsel attempted to put various other doctor's opinions before the Referee by mailing their reports to him more than a month after the evidence had been closed; and did not ask to re-open the record so as to make a proper offer despite the Referee's letter of August 16, 1991, giving him that opportunity. Those reports are in the file for this case, but will not be considered competent evidence for any purpose.

. . . .

8. The defendants have each established a reasonable based [sic] on the record for this contest through the medical and lay testimony presented.

In reaching these findings, the referee found credible some of claimant's testimony, as well as the testimony and opinions of employer's medical experts, Dr. G. Malcolm Cottington and Dr. Stanley R. Askin. The referee rejected the testimony and opinion of claimant's medical expert, Dr. Garrett W. Dixon and the testimony of claimant's wife as not being credible. The referee did accept as credible the testimony of claimant's other medical expert, Dr. W.G. Lundgren, and also found credible the testimony of Scott Keith, a vice president of Keith Brothers, that claimant did not suffer a work-related injury while employed by Keith Brothers.

Based on the above findings, the referee made the following relevant conclusions of law.

2. The Final Receipt dated September 9, 1986, should be set aside.

3. Claimant's disability benefits relating to his injury of May 22, 1986, should be suspended effective September 9, 1986.

4. Claimant's disability benefits relating to his injury of May 22, 1986, should be reinstated as total at the rate of $173.50 per week effective October 20, 1987, and modified

to partial at rates equalling two-thirds (⅔) of his loss of earnings (if any) for the periods he was employed thereafter; until February 6, 1989, at which time claimant's disability benefits should again be suspended because any loss of earnings after that date resulted directly from a non-work injury.

. . . .

6. The claimant, defendant Strattan Homes, and defendant Aetna Life & Casualty have not sustained their burden of proof to establish that defendants Keith Brothers and State Workmen's Insurance Fund have any liability whatsoever for any of the claimant's workers' compensation benefits.

. . . .

9. The claimant's fee agreement with his attorney is reasonable as per Finding of Fact No. 11 and is approved to that extent only. The defendants having established a reasonable basis for this contest on the record, claimant's attorney's fees will not be taxed against them as an additional item of costs.

. . . .

11. The claimant has not sustained his burden of proof to establish that the defendants have violated specific provisions of the Penna. Workmen's Compensation Act or the rules and regulations promulgated thereunder.

Both claimant and employer appealed the referee's decision to the board. The board affirmed the referee's decision and it is from that order that claimant and employer now appeal to this court.[1] We will first address claimant's appeal.

## CLAIMANT'S APPEAL

Claimant raises the following issues on appeal.

[1] This court's scope of review is limited to determining if constitutional rights have been violated, an error of law has been made, or necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

1. Did the referee err by failing to allow Claimant to receive benefits for the entire period subsequent to the final receipt as the referee did not find claimant had at any time fully recovered and where employer has failed to prove the availability of work within claimant's limitations?

2. Did the referee err by suspending benefits effective September 2, 1986 and February 6, 1989 where employer's termination petition was the first request for relief by employer as of September 19, 1989, a different and later date?

3. Was there substantial evidence to support a finding of a subsequent injury in January 1989 that was solely based upon the lay testimony of a subsequent employer?

4. Is claimant entitled to attorney's fees where employer, with no basis, unreasonably delayed payment of wage loss benefits and medical expenses?

5. Was claimant denied due process by the referee's refusal to admit evidence in this case, the failure of employer and Keith Brothers to produce documents and employer's late joinder of a subsequent employer?

■ In a reinstatement petition where a claimant's benefits have been terminated after the signing of a final receipt, the claimant bears the burden of establishing that his disability has increased or recurred after the date of the prior award and must show that his physical condition has actually changed in some manner. *Pieper v. Ametek–Thermox Instruments*, 526 Pa. 25, 584 A.2d 301 (1990). To support his argument that he is entitled to benefits for the entire period subsequent to the signing of the final receipt, claimant contends that there is no evidence to support the referee's finding of lack of credibility of claimant's medical expert, Dr. Dixon.

■ The referee rejected the testimony of Dr. Dixon as not being credible or convincing. It is well settled that the referee, as fact finder in workmen's compensation cases, has exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject the testimony of any

witness, including a medical witness, in whole or in part. *General Electric v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Commonwealth Ct. 461, 593 A.2d 921 (1991).

The referee did find credible the testimony of Dr. Lundgren, claimant's other medical expert, and Dr. Cottington, employer's medical expert. Dr. Lundgren testified that claimant was able to return to work in December 1987. (Reproduced Record (R.) at 20a–21a.) Dr. Cottington testified that claimant was able to return to work without work restrictions as of September 19, 1989. (R. at 130a.)

In addition, the referee found claimant's own testimony to be credible to the effect that claimant felt he was ready to return to work after he signed the final receipt and that after his October 1987 surgery he was able to work without restrictions for Keith Brothers. Therefore, the referee did not err by not awarding benefits to claimant for the entire period subsequent to his signing of the final receipt.

Claimant contends that employer has not proven the availability of work within his limitations. Employer in this case has filed a cautionary termination petition not a petition to modify claimant's benefits. Claimant was the party with the burden of proof in order to be granted a reinstatement of his benefits. Therefore, employer was not required to show the availability of work within claimant's alleged limitations.

Claimant also argues that the referee erred in suspending his benefits effective September 2, 1986 and February 6, 1989, when employer requested a termination of benefits effective September 19, 1989, a later and different date. However, under the Pennsylvania Workmen's Compensation Act,[2] a referee may take appropriate action as indicated by the evidence presented upon the filing of any petition to modify, reinstate, suspend, or terminate a notice of compensation payable. *See* 77 P.S. § 772; *Bell Telephone Company of Pennsylvania v. Workmen's Compensation Appeal Board*

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

*(Rothenbach),* 98 Pa.Commonwealth Ct. 332, 511 A.2d 261 (1986). As discussed above, the evidence in this case supports the referee's suspension of claimant's benefits as of September 2, 1986 and February 6, 1989.

Next, claimant argues that there was not substantial evidence to support the referee's finding that he suffered a non-work related injury in January 1989 because the finding is based upon the testimony of a lay witness. Substantial evidence is relevant evidence which a reasonable person would accept as adequate to support the conclusion reached. *Temple University v. Workmen's Compensation Appeal Board (Insurance Company of North America),* 138 Pa.Commonwealth Ct. 394, 588 A.2d 63 (1991).

The referee found credible the testimony of Scott Keith that claimant injured himself in January 1989 while working on his own car over the weekend. In addition, the referee pointed out that claimant's own testimony confirmed that claimant never complained to Keith Brothers about any groin or leg problems until after he notified Mr. Keith of his weekend groin injury. Therefore, the referee's finding that claimant suffered a non-work related injury in January 1989 is supported by substantial evidence.

Claimant argues that he is entitled to attorney's fees and penalties because employer did not have a reasonable basis to contest his claim and employer failed to pay his medical expenses related to his injury. The award of attorney fees is the rule in workmen's compensation cases and their exclusion is the exception to be applied in cases where the record establishes that an employer's contest is reasonably based. *Transamerican v. Workmen's Compensation Appeal Board (Setegna Fanta),* 149 Pa.Commonwealth Ct. 95, 612 A.2d 598 (1992). The employer has the burden of presenting sufficient evidence to establish the reasonable basis for a contest. *Id.*

Whether there exists a reasonable basis for an employer's contest of workmen's compensation liability is a question of law, subject to review by this court. *Hill v. Workmen's*

*Compensation Appeal Board (Lentz Milling Co.),* 146 Pa.Commonwealth Ct. 524, 606 A.2d 614 (1992) As such, this court may examine the record to determine if the evidence presented supports the conclusion. *Id.*

The record in this case supports the conclusion that employer had a reasonable basis to contest claimant's claim. Employer presented the medical testimony of Dr. Askin and Dr. Cottington.

The referee found the testimony of Dr. Askin, that there was no impairment present relative to claimant's May 22, 1986 injury when the doctor examined claimant on July 17, 1986, credible. The referee also found credible the testimony of Dr. Cottington that claimant was able to return to his pre-injury job with no restrictions as of September 19, 1989. This record evidence is sufficient to support the conclusion that employer had a reasonable basis to contest claimant's petitions to set aside final receipt and reinstatement.

Employer acknowledges that this court's decision in *Consolidated Freightways v. Workmen's Compensation Appeal Board (Jester),* 145 Pa.Commonwealth Ct. 369, 603 A.2d 291 (1992), requires that an employer is responsible for the payment of medical expenses after the signing of a final receipt and that to relieve itself of that liability an employer must file a petition for review of that liability. However, employer argues that the present case was litigated prior to our decision in *Consolidated Freightways* when there was no requirement for an employer to continue to pay medical expenses after a claimant had signed a final receipt; therefore, employer had no legal obligation to pay ongoing medical expenses prior to the referee's decision. We agree.

The referee's decision in this case was filed on September 6, 1991. Our decision in *Consolidated Freightways* was not handed down until February 3, 1992. Accordingly, employer had no obligation to continue to pay claimant's medical expenses in this case and there is no evidence in the record to support the imposition of penalties upon employer for its failure to do so.

Finally, claimant argues that he was denied due process by the referee's refusal to admit evidence in this case, by the failure of employer and Keith Brothers to produce documents, and by employer's late joinder of Keith Brothers. We disagree.

This case commenced when claimant filed his petition to set aside final receipt in February 1988. Numerous hearings were held between April 1988 and June 26, 1991, a three year period. During this time, claimant had ample opportunity to present any evidence that he wished to the referee. In fact, when claimant attempted to submit additional evidence after the record had been closed on July 31, 1991, the referee afforded claimant the option of re-opening the record for the submission of additional evidence. Claimant did not take advantage of the referee's offer; therefore, the referee did not deny claimant due process by refusing to consider the additional evidence.

Moreover, if claimant was denied requested documents from employer or Keith Brothers, he could simply have notified the referee over the three years that this case pending and asked that the record be kept open until employer and Keith Brothers turned over the requested documents.

Claimant's contention that he was denied due process because of the late joining of Keith Brothers by employer must also fail. It is within the referee's discretion to grant or deny a petition for joinder. *See Krumins Roofing & Siding v. Workmen's Compensation Appeal Board (Libby and State Workmen's Insurance Fund)*, 133 Pa.Commonwealth Ct. 211, 575 A.2d 656 (1990). There is nothing in the record of this case to indicate that claimant was prejudiced by a late joinder of Keith Brothers. Moreover, Keith Brothers has not appealed or challenged its alleged late or improper joinder as an additional defendant. Therefore, the referee did not abuse his discretion in permitting the joinder of Keith Brothers.

Accordingly, the board's order with respect to the issues raised by claimant on appeal is affirmed.

## EMPLOYER'S APPEAL

Employer raises the following issues on appeal.

1. The referee erred in setting aside the final receipt when the credible medical evidence of record establishes that claimant was fully recovered from his work related injury as of July 17, 1986.

2. The referee erred in finding that employer was responsible for claimant's injuries suffered with Keith Brothers, when the medical evidence found credible by the referee clearly establishes that these injuries were separate and distinct from the original work injury.

3. The referee erred in failing to terminate the claimant's compensation benefits when the medical testimony, found credible by the referee establishes that claimant had fully recovered from his work injury as of December 30, 1987.

4. The referee erred in failing to terminate claimant's compensation benefits as of September 18, 1989 when the medical evidence of record, found credible by the referee, clearly establishes that the claimant was fully recovered from the work injury as of September 18, 1989.

Section 434 of the Act, 77 P.S. § 1001, provides that a final receipt shall be *prima facie* evidence of the termination of the employer's liability to pay compensation. In order to set aside a final receipt, claimant must establish by sufficient credible evidence that all disability due to the injury had not terminated when the final receipt was executed. *Shinkovec v. Workmen's Compensation Appeal Board (Capital Distributing Co.)*, 115 Pa.Commonwealth Ct. 81, 539 A.2d 917 (1988).

In setting aside the final receipt the referee found credible the testimony of claimant and of Dr. Lundgren, claimant's medical expert. Claimant testified that the pain in his groin area remained about the same from his May 1986 injury through his October 1987 surgery. Dr. Lundgren testified that he first examined claimant on October 14, 1987 and operated on claimant on October 20, 1987. Dr. Lundgren opined that it was claimant's initial injury which caused claim-

ant's problems in 1987. This testimony, found credible by the referee, is sufficient to uphold the setting aside of the final receipt.

 Employer argues that the referee erred in holding it liable for injuries sustained by claimant while employed by Keith Brothers. We disagree, as we do not believe that employer was held liable for the non-work related injuries suffered by claimant while employed by Keith Brothers. The referee found that claimant suffered a non-work related injury in January 1989 and, effective February 6, 1989, had a complete loss of earnings as a result of that non-work related injury. February 6, 1989 is the date that the referee suspended claimant's benefits. During the time period of October 20, 1987 through February 6, 1989, the referee modified claimant's benefits to partial benefits if the claimant had any loss of earnings. Therefore, employer was not held responsible for any non-work related injuries suffered by claimant during his employment with Keith Brothers.

Next, employer argues that the referee erred by not terminating claimant's benefits when the medical testimony found credible by the referee established that claimant was fully recovered as of December 30, 1987 and September 19, 1989.

 In a proceeding to terminate compensation, the employer bears the burden of proving that a work-related disability has ceased. *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines)*, 141 Pa.Commonwealth Ct. 253, 595 A.2d 697 (1991). The employer can meet this burden by presenting unequivocal medical evidence that claimant has fully recovered. *Ruhl v. Workmen's Compensation Appeal Board (Erie County Geriatric Center)*, 102 Pa.Commonwealth Ct. 374, 518 A.2d 345 (1986).

 The referee accepted as credible the testimony and opinions of employer's medical expert, Dr. Cottington. Dr. Cottington testified as follows:

Q. Doctor, based upon the records that you had available to review, the history that you took from Mr. Hollis, the

x-rays that you've just described and your physical examination, do you have an opinion within a reasonable degree of medical certainty as to whether or not Mr. Hollis demonstrated any evidence of disability or impairment relative to an injury that he described to you of May 22, 1986?

A. Okay. My opinion, I did not find any evidence of impairment.

Q. Doctor, would you place any work restrictions on this gentleman as of the date of your examination on September 19, 1989?

A. No, sir.

Q. Doctor, do you have an opinion as to whether or not—within a reasonable degree of medical certainty, as to whether or not he had fully recovered from any and all injuries he may have suffered prior to your examination?

A. Yes. In my opinion he had recovered.

(R. at 130a.)

A review of Dr. Cottington's testimony reveals that his opinions were unequivocal. Since the referee found Dr. Cottington's unequivocal testimony to be credible and convincing, the referee erred in not terminating claimant's benefits as of September 19, 1989.

Accordingly, the board's order is reversed, insofar as it affirmed the referee's denial, in part, of employer's termination petition, and affirmed in all other respects.

## ORDER

NOW, this 4th day of November, 1993, the order of the Workmen's Compensation Appeal Board, dated February 4, 1993, at No. A91–2069, is hereby reversed with respect to the denial, in part, of Strattan Homes, Inc.'s petition for termination, and affirmed in all other respects.