634 A.2d 267

Glenn CUNNINGHAM, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (FRANKLIN STEEL COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 13, 1993.

Decided Nov. 15, 1993.

Samuel S. Blaufeld, Pamela M. Schiller and Barbara E. Holmes, for petitioner.

Terry L.M. Bashlin, for respondent.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Glenn Cunningham (claimant) appeals from an order of the Workmen's Compensation Appeal Board (board) which affirmed the referee's finding of a reasonable contest by Franklin Steel Company (employer) against the claimant's claim. We affirm.

Claimant suffered a work-related injury to his back on August 5, 1991 after which claimant immediately notified employer. Employer sent claimant to a chiropractor; however, after two visits to the chiropractor claimant requested that he be permitted to visit his treating physician, Dr. Euliano. Dr. Euliano had previously treated claimant for a work-related injury to claimant's back in 1981.

On August 20, 1991, employer requested that Dr. Euliano provide a medical report opining as to whether claimant's injury was causally related to his employment. On August 21, 1991, employer sent a notice of denial to claimant.

On the day that claimant received employer's notice of denial, claimant was contacted by employer's insurance carrier via the telephone. Employer's insurance carrier requested that claimant sign an authorization form enabling employer to obtain claimant's medical records from Dr. Euliano. Claimant signed the authorization form on August 22, 1991.

Employer received a medical report from Dr. Euliano dated August 30, 1991, which employer's insurance carrier received on September 5, 1991. Based on the medical report, employer's insurance carrier decided to accept the claim. Employer issued a notice of compensation payable on September 11, 1991.

In the meantime, claimant filed a claim petition dated September 6, 1991. Claimant, through his counsel, notified the referee by letter dated October 2, 1991, that he was withdrawing his claim petition and requesting approval of an attorney fee agreement. Employer filed an answer to the claim petition on November 7, 1991.

Thereafter, a hearing was held before the referee on the issues of whether the demand for a 15% fee by claimant's attorney was reasonable and whether such fees should be taxed against employer as an additional item of costs because employer unreasonably contested claimant's claim. The referee approved the fee agreement between claimant and his attorney as being reasonable and ordered that the 15% fee be deducted and paid from claimant's weekly disability benefits.

The referee denied claimant's demand for an award of counsel fees as an additional item of costs because employer met its burden of proving a reasonable basis for the contest. The referee concluded that employer accepted the claim as soon as practicable after receiving medical evidence in support of the claim.

Claimant appealed the referee's decision to the board which affirmed the referee's decision and dismissed claimant's appeal. It is from that order that claimant now appeals to this court.

On appeal, the issue before us is whether the referee and the board erred as a matter of law in determining that employer unreasonably contested the claim.

Initially, we note that our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed & Supply, Inc.)*, 105 Pa.Commonwealth Ct. 106, 523 A.2d 415 (1987). Where the board takes no additional evidence, as here, the ultimate fact finder is the referee, whose factual determinations, when supported by substantial evidence, must be accepted. *Sokol v. Workmen's Compensation Appeal Board (State Regional Facility)*, 91 Pa.Commonwealth Ct. 396, 497 A.2d 670 (1985).

■ Section 440 of The Pennsylvania Workmen's Compensation Act (Act)[1] relevantly provides:

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, ... Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: ...

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996.

■ Thus, the award of attorney's fees is the rule in workmen's compensation cases and their exclusion is the exception, to be applied only in cases where the record establishes that an employer's or carrier's contest is reasonably based. *Transamerican Office Furniture v. Workmen's Compensation Appeal Board (Setegna Fanta)*, 149 Pa.Commonwealth Ct. 95, 612 A.2d 598 (1992). The employer has the burden of presenting sufficient evidence to establish the reasonable basis for the contest. *Id.*

■ Whether there exists a reasonable basis for an employer's contest of workmen's compensation liability is a question of law fully reviewable by this court. *Hill v. Workmen's Compensation Appeal Board (Lentz Milling Co.)*, 146 Pa.Commonwealth Ct. 524, 606 A.2d 614 (1992). As such, this court may examine the record to determine if the evidence presented supports the conclusion. *Id.*

Claimant argues on appeal that there was not reasonableness to the contest in this case, as an unqualified denial was issued and claimant had no reason to believe payment of compensation would be instituted without the filing of a claim petition. Claimant contends that the referee's decision that employer was not to be charged for these fees is in direct contradiction of this court's decision in *Transamerican Office Furniture*. We disagree.

Claimant's reliance on *Transamerican Office Furniture* is misplaced. In *Transamerican Office Furniture*, this court held that an employer's failure to begin compensating claimant within twenty-one days of learning of an employee's injury was a contest as that term is used in section 406.1 the Act[2] and, thus, attorney fees could be awarded unless employer established reasonableness of the contest. *Id.*, 149 Pa.Commonwealth Ct. at 100, 612 A.2d at 600. However, in *Transamerican Office Furniture*, the employer failed to comply with section 406.1 of the Act by issuing either a notice of compensation payable or notice of denial within twenty-one

2. 77 P.S. § 717.1. This section was added by section 3 of the Act of February 8, 1972, P.L. 25.

days. *Id.* In addition, the employer presented no evidence before the referee to establish a reasonable basis for contest and offered no explanation for its delay in awarding compensation. *Id.*

That is not the case in the present situation. In the instant case, employer issued a notice of denial within twenty-one days as required under the Act. Furthermore, the referee found, and the board affirmed, that employer accepted claimant's claim as soon as practicable after receiving medical evidence in support of the claim. This finding is based on substantial evidence.

As stated, employer had twenty-one days under the Act to either deny or accept claimant's claim. 77 P.S. § 717.1. The record reveals that employer denied claimant's claim within the required twenty-one days while awaiting a medical report and records from claimant's treating physician, Dr. Euliano. Employer's insurance carrier received the required medical report on September 5, 1991 and employer issued a notice of compensation payable six days later on September 11, 1991. Employer explained to the referee that it delayed issuing a notice of compensation payable because it was awaiting Dr. Euliano's medical report in order to determine if claimant's injury was a new work-related injury or an aggravation of claimant's prior 1981 work-related injury. This evidence, accepted by the referee as fact finder, supports the referee's finding that employer accepted claimant's claim as soon as practicable after receiving the medical report indicating that claimant's injury was in fact a new work-related injury.

■ Claimant's contention that employer's contest was unreasonable because employer issued an unqualified denial must fail. Section 406.1 of the Act does not require that an employer issue a qualified denial such as "denied pending investigation" in order to prove that it has reasonably contested a claim. Section 406.1 requires that an employer promptly investigate and commence payment of compensation within twenty-one days. If an employer believes that the claim is not

compensable, it must issue a notice of denial within twenty-one days.

Based on the record in this case, employer did precisely what the Act requires. Employer promptly initiated an investigation and determined initially that claimant's claim was not compensable. Thereafter, upon receiving Dr. Euliano's medical report, employer promptly commenced payment of claimant's claim within six days of receiving medical evidence supporting claimant's claim and within thirty-seven days of claimant's injury.

Accordingly, the order of the board is affirmed.

## ORDER

NOW, this 15th day of November, 1993, the order of the Workmen's Compensation Appeal Board, dated January 22, 1993, at No. A92–0478, is hereby affirmed.