**GENERAL CARBIDE CORPORATION and Zurich–American Insurance Group, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DAUM), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 22, 1995.
Decided Feb. 5, 1996.

---

Richard L. Muchow, for Petitioner.

Vincent J. Quatrini, Jr., for Respondent.

Before COLINS, President Judge, and PELLEGRINI, Judge, and KELTON, Senior Judge.

PELLEGRINI, Judge.

General Carbide Corporation (Employer) appeals an order of the Worker's Compensation Appeal Board (Board) affirming the decision of a Worker's Compensation Referee awarding Todd Daum (Claimant) attorney's fees because of unreasonable contest by Employer of this occupational disease claim.

Claimant had been employed by Employer for approximately four and one-half years primarily as a lathe operator working with carbide and tungsten metals. In July of

1992, after medical testing performed at the request of Employer, Claimant was transferred to the shipping department. On September 23, 1992, Claimant notified Employer that he would not be returning to work because he was suffering from pneumoconiosis caused by his exposure to carbide and tungsten dust from Employer's lathing operation.

On October 7, 1992, Employer sent a letter to Claimant requesting authorization for Claimant's medical records in order to investigate his claim. On October 8, 1992, because it was not able to review the medical records within the 21 days authorized by the Workmen's Compensation Act (Act)[1] to investigate a claim, Employer issued a notice of denial of compensation. When the October 7, 1992 letter was returned by the post office marked "undeliverable", Employer, on October 27, 1992, sent Claimant a second request for authorization. On November 4, 1992, Claimant then filed a claim petition alleging that exposure to carbide and tungsten caused injury to his entire pulmonary system.

After Claimant had filed his claim petition, on November 20, 1992, Employer received an authorization for Claimant's medical records. On January 15, 1993, Employer also had an independent medical exam performed to confirm the existence of disabling pneumoconiosis. Based on Claimant's medical records and the independent medical exam, Employer issued a notice of compensation payable on January 26, 1993.

Claimant then filed a petition requesting that attorney's fees be assessed against Employer asserting that Employer's delay in accepting the claim constituted an unreasonable contest. Holding that Employer was dilatory in its acceptance of the claim, the Referee awarded fees. On appeal, the Board affirmed and this appeal followed.[2]

Employer contends that the Referee erred in awarding Claimant fees because the Act allows it to conduct a thorough investigation of an employee's claim of an occupational disease. It argues that medical records were required to confirm the disease, and that it was unable to obtain those records within the 21–day investigating period and properly denied the claim. Employer maintains that it acted expeditiously to confirm the existence of Claimant's disease and acted reasonably in initially contesting the claim.[3]

The award of attorney's fees is the rule in worker's compensation cases, and their exclusion is the exception which is applied only in cases where the employer has presented sufficient evidence to establish the reasonable basis for its contest. Section 440 of the Act, 77 P.S. § 996; *Transamerican Office Furniture v. Workmen's Compensation Appeal Board (Setegna Fanta)*, 612 A.2d 598 (Pa.Cmwlth.1992). To determine the

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Whether there is a reasonable basis for an employer to contest a workmen's compensation claim is a question of law fully reviewable by this court. As such, this court may examine the record to determine if the evidence supports the conclusion. *Cunningham v. Workmen's Compensation Appeal Board (Franklin Steel Company)*, 159 Pa.Cmwlth. 622, 634 A.2d 267 (1993).

3. Claimant argues that this matter is analogous to *Pieretti v. Workmen's Compensation Appeal Board (Denny's, Inc.)*, 135 Pa.Cmwlth. 309, 581 A.2d 990 (1990). In *Pieretti*, the claimant was injured in a work-related injury which was accepted by the employer. Nine months later, the employer filed a petition to terminate or suspend, asserting that the claimant was fully able to resume her employment without limitation or loss of earnings power. However, the employer never offered any evidence in support of its termination/suspension petition, and after several hearings, the employer withdrew its petition. We held that the failure to introduce any evidence in support of its petition and the subsequent withdrawal of the petition amounted to an admission that the employer's contest was unreasonable. *Pieretti*, however, involved a termination petition. In a termination petition case, the burden of proof falls upon the employer to demonstrate that the claimant's disability has ceased. If the employer offers no evidence in support of termination and withdraws the petition, the contest is unreasonable, because the employer has no basis upon which to initiate the termination petition.

reasonableness of the contest, we must look at the totality of the circumstances because the reasonableness of the contest may not necessarily depend on a conflict in the evidence per se. *Majesky v. Workmen's Compensation Appeal Board (Transit America),* 141 Pa.Cmwlth. 398, 595 A.2d 761, 764 (1991), *petition for allowance of appeal denied,* 529 Pa. 653, 602 A.2d 862 (1991).

Although Section 406.1 of the Act was amended in 1993 to allow an employer to issue a temporary notice of compensation payable without admitting liability in cases where the employer is uncertain whether a claim is compensable,[4] at the time Claimant made his claim, Employer had two choices: within 21 days, it could either issue a notice of compensation payable, thereby possibly admitting liability,[5] or it could deny compensation. Rather than issue a notice of compensation payable, Employer elected to contest the claim. While not disagreeing that Employer should have a reasonable time to investigate, Claimant contends that such an investigation was unnecessary because Employer was aware that Claimant suffered from pneumoconiosis as a result of medical tests given to him as evidenced by his transfer to the shipping department.[6] Notwithstanding, Employer argues that the contest was not unreasonable because, while it may

have been aware of the disease, it was still allowed to have a reasonable amount of time to determine whether Claimant's condition had progressed so as to disable him from his job in the shipping department.

An analogous case is *Cunningham v. Workmen's Compensation Appeal Board (Franklin Steel Company),* 159 Pa.Cmwlth. 622, 634 A.2d 267 (1993), where the claimant suffered a work-related back injury and had also suffered a work-related back injury ten years earlier. The employer sought to determine whether the injury was a new injury or an aggravation of the old injury, and requested medical records from the claimant's physician to make this determination. Because the employer did not receive the treating physician's records within the 21 days allowed for investigation of claims by the Act, the employer denied compensation. After receiving the treating physician's report, the employer accepted the claimant's injury. The claimant then sought attorney's fees for unreasonable contest because the employer had issued an unqualified denial of the claim. In denying the claimant attorney's fees, we noted that the employer followed Section 406.1 of the Act which requires that if the employer initiates an investigation and be-

---

**4.** Section 406.1 of the Act, 77 P.S. § 717.1, was amended in 1993 to provide in part that "... [i]n any instance where an employer is uncertain whether a claim is compensable under this act or is uncertain of the extent of liability under this act, the employer may initiate compensation payments without prejudice and without admitting liability pursuant to a notice of temporary compensation payable as prescribed by the department."

**5.** In *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.),* 502 Pa. 178, 183 n. 6, 465 A.2d 969, 972 n. 6 (1983), our Supreme Court stated:

> The notice of compensation payable is used primarily in situations where it is agreed that some compensation is payable but where there has been no final agreement as to how much, and it further serves to identify the employer's payments as compensation installments. [citation omitted]. Thus although in the case of a notice of compensation payable no final agreement has been reached as to the amount of compensation due, a notice of compensation payable, like a

compensation agreement, amounts to an admission by the employer of the claimant's employment, the occurrence of the accident, and the nature of the injuries caused by the accident while the claimant was in the employ of the employer. [citation omitted]. This is particularly appropriate in cases such as this in which the employer has had a full opportunity to investigate the circumstances surrounding employe's injury before entering into an agreement or a notice of compensation payable.

However, in other situations where the employer did not make a full investigation prior to issuing the notice of compensation payable, our Supreme Court has held that the issuance of a notice of compensation payable is not a binding admission of liability. *See Barna v. Workmen's Compensation Appeal Board (Jones and Laughlin Steel),* 513 Pa. 518, 522 A.2d 22 (1987).

**6.** Because the July 1992 medical tests conducted by the Employer were not introduced into evidence, this court cannot determine whether these tests provided Employer with information as to whether Claimant was disabled from performing his job in the shipping department.

lieves that the claim is not compensable, it must issue a denial within 21 days.

■ Here, Employer was faced with an occupational disease claim where there was no single identifiable event such as a slip or fall. The only evidence of record at the time Claimant notified Employer of his claim in support of Claimant's disease is Claimant's statement that he had notified Employer of the disease, and his testimony that Employer had previously conducted medical tests and that he was subsequently transferred to the shipping department. As in *Cunningham*, where the employer's contest was considered reasonable because it needed time to investigate whether the claim was a new injury or a recurrence, here, Employer's contest was reasonable because it needed to investigate whether the condition had progressed to a point that Claimant could no longer work. Accordingly, we reverse the decision of the Board awarding attorney's fees to Claimant.[7]

### ORDER

AND NOW, this 5th day of February, 1996, the order of the Workmen's Compensation Appeal Board dated May 12, 1995, is reversed.

---

7. Because we hold that Employer's contest was not unreasonable, we need not address the issue of whether the Referee made the necessary findings of fact to support the amount of the award of attorney's fees.