Tressie V. Palm, Petitioner *v.* Workmen's Compensation Appeal Board (Cluett, Peabody & Co., Inc.), Respondents.

Argued September 14, 1983, before Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*David A. Goldman, Thatcher and Miller,* for petitioner.

*Daniel K. Deardorff,* with him *William M. Martson, P.C.,* for respondent, Cluett, Peabody & Co., Inc.

OPINION BY JUDGE ROGERS, October 24, 1983:

Tressie V. Palm has appealed from an order of the Workmen's Compensation Appeal Board affirming the action of a referee denying her claim for workmen's compensation benefits. The issue is that of whether disability benefits received by the claimant from insurance provided at her employer's expense had the effect of tolling the limitation of Section 315 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 721, *as amended,* 77 P.S. §602. Section 315 of the Act provides:

> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article, or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof. . . . Where, however, payments of compensation have been made in any case, said limitation shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition. Provided, That any

payment made under an established plan or policy of insurance for the payment of benefits on account of non-occupational illness or injury and which payment is identified as not being workmen's compensation shall not be considered to be payment in lieu of workmen's compensation and such payments shall not toll the running of the Statute of Limitations.

On December 16, 1957, the claimant suffered a work related injury. She was paid workmen's compensation benefits until sometime in 1958 when she returned to work. The claimant worked until 1962 when she had to leave work as the result of symptoms of the 1957 injury. In 1973, the claimant applied for and received benefits for total and permanent disability (in lieu of life insurance payable at death) under a group life insurance policy that had been provided by and paid for by her employer. The last payment of these benefits was made on November 1, 1978. On November 15, 1978, the claimant filed her first and only workmen's compensation claim—a claim petition in which she alleged that she was disabled as the result of the 1957 back injury.

The referee found that the disability benefits received by the claimant from 1973 to 1978 "were not Workmen's Compensation benefits" and concluded that her claim was barred under Section 315. The Workmen's Compensation Appeal Board affirmed and this appeal followed.

The claimant argues that the disability payments from the employer's group life policy from 1973 to 1978 were "payments in lieu of workmen's compensation" and that Section 315 was not a bar, the last such insurance payment having been made November 1, 1978, only weeks before she filed her claim petition. Although the referee's findings that the life insur-

ance payments made to the claimant were not workmen's compensation benefits and that the claimant was never told that they were such are entirely consistent with the record, we are not called upon to decide this point because her right to benefits had expired three years after her workmen's compensation was discontinued upon her return to work in 1958. This was many years before she filed her claim.

*Helstrom v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 113, 401 A.2d 882 (1979) is controlling. The claimant in *Helstrom* was injured on January 14, 1971 and received workmen's compensation payments from his employer until February, 1971. In April, 1974 the employer paid the claimant additional compensation and on September 20, 1974, the claimant filed a petition to recover specific loss benefits because of the work related injury. We held that the then two year statute had run in February, 1973 and that the April, 1974 compensation payment did not renew the claimant's right to file for benefits and stated:

> Section 315 is not a pure statute of limitations, but rather is a statute of repose; when the limitation period expires, the right *and* the remedy sought to be pursued are extinguished. Segal v. Segal, 201 Pa. Superior Ct. 367, 370, 191 A.2d 858, 860 (1963); Ratto v. Pennsylvania Coal Co., 102 Pa. Superior Ct. 242, 156 A. 749 (1931).... Time is of the essence in filing a claim petition. If the petition is not filed within the applicable statute of limitations period (here two years after the compensation paid to Petitioner in February, 1971), the claim is forever barred. (Emphasis in original.)

*Id.* at 116, 401 A.2d at 884.

Order affirmed.

ORDER

AND Now, this 24th day of October, 1983, the order of the Workmen's Compensation Appeal Board dated September 23, 1982, is affirmed.