599 A.2d 310

**Rita M. FRITZ, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ATLAS POWER COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 27, 1991.

Decided Nov. 19, 1991.

518

Joseph C. Cascarelli, for petitioner.

Charles M. Miller, for respondent.

Before CRAIG, President Judge, PALLADINO, J., and BARRY, Senior Judge.

BARRY, Senior Judge.

Rita M. Fritz (petitioner) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of a referee denying the petitioner's application for reinstatement of benefits against Atlas Power Company, the employer. We affirm.

Petitioner originally suffered a back injury while working for the employer in 1979. She began collecting benefits for total disability pursuant to a notice of compensation payable. Between February of 1979 and December of 1980, the petitioner worked for short periods of time and then suffered disabling recurrences of the original injury until she signed a final receipt on December 3, 1980.

The petitioner was working for the employer in June of 1983 when she suffered an injury. She filed a claim petition. Following numerous hearings, the referee found that she was suffering from "a chronic strain of the costovertebral ligaments and iliolumbar ligaments superimposed upon a pre-existing idiopathic adolescent scoliosis, and that said condition is causally related to her work accident on June 1, 1983." (Finding of Fact 10, Referee's Decision, 12/1/86.) The petitioner's medical expert in those proceedings, Dr. Michael Dawson, also was of the opinion that the claimant was capable of performing light duty work. The referee accepted that testimony as credible. The employer presented testimony that, on December 7, 1984, the petitioner was offered light duty job that Dr. Dawson believed she was capable of performing at a pay rate exceeding her pre-injury wages. Because the petitioner failed to accept the light duty job, the referee awarded total disability benefits from June 1, 1983 until December 7, 1984 when a suspension of benefits was granted. The Board affirmed this decision and we affirmed the Board's order in an unreported opinion of December 2, 1988.

On January 16, 1989, the petitioner filed a reinstatement petition which is the basis of these proceedings. The matter was assigned to the same referee who presided over the hearings on the 1983 claim petition. The petitioner presented the testimony of a new medical expert, Dr. Robert Schwartzman, who testified that the claimant was presently disabled because of the 1979 work-related injury. Dr. Schwartzman made no mention of the 1983 injury. In addition to presenting medical evidence that the claimant was not disabled, the employer offered testimony from its

manager of labor relations that the jobs which had been offered to the petitioner in December of 1984 were still available to her but she had never accepted those jobs.

By decision of July 19, 1990, the referee dismissed the reinstatement petition. The referee first found that Dr. Schwartzman never mentioned the 1983 work-related injury; the referee, therefore, concluded that Dr. Schwartzman's testimony was not competent on the question as to whether benefits should be reinstated based upon that injury. The referee next noted that with regard to the 1979 work related injury, the petitioner had signed a final receipt and received her last payment of compensation for that injury in December of 1980. He concluded that the petitioner was time barred from either the reinstatement of benefits or the setting aside of the final receipt with regard to the 1979 injury. The referee specifically stated that, with regard to the 1983 claim petition, he had found that the petitioner was disabled because of a "new injury". (Finding of Fact 4, Referee's Decision, 7/19/90). The Board affirmed and this appeal followed.

▉ Our scope of review is limited to determining, *inter alia,* whether an error of law was committed and whether all necessary findings of fact are supported by substantial evidence. *York City School District v. Workmen's Compensation Appeal Board (Peyser),* 136 Pa.Commonwealth Ct. 110, 582 A.2d 423 (1990). The petitioner alleges that both the Board and the referee committed errors of law. She first alleges that each of these tribunals required her to meet a standard of proof with regard to her reinstatement petition that was too high and violative of the Supreme Court's recent decision in *Pieper v. Ametek–Thermox Instruments,* 526 Pa. 25, 584 A.2d 301 (1990). She also argues that her reinstatement petition was timely. As neither of these allegations of error have merit, we affirm.

The petitioner first alleges that it was error to require her to prove a causal connection between the 1979 work-related injury and the 1983 work-related injury. As previously mentioned, the referee found that the two injuries

were separate and distinct and the petitioner makes no argument in her brief with regard to this finding. Rather, she argues that, because a suspension was granted as to the 1983 disabling injury, she was not required to prove such causal connection because of the holding in *Pieper*. In that case, the Supreme Court pointed out that the burden of proof on a reinstatement petition depended on whether the benefits had been suspended or terminated. In the case of a termination of benefits, the injured worker must prove a causal connection between the presently disabling condition and the prior work-related injury. *Id.* When benefits have been suspended, however, the worker is required to prove that the reason for the suspension no longer exists. As the Court stated:

> In such suspension situations, the causal connection be-
> tween the original work-related injury and the disability
> which gave rise to compensation is *presumed*. First, it is
> presumed because the causal connection between the
> original work-related injury and disability was initially
> either not contested by the employer or established by
> competent proof by the employee at the time of the
> original disability claim. Second, it is presumed because
> with the mere suspension of benefits, there is no conten-
> tion by any party that the liability of the employer has
> terminated. The only fact established at a suspension of
> benefits is that the *earning power* of a claimant has
> improved to the point where benefits are no longer neces-
> sary. Since the disability continues to exist, the liability
> of the employer for the injury has not terminated. There-
> fore, in these situations the causal connection between
> the original work-related injury and the disability goes
> unquestioned.

*Id.*, 526 Pa. at 33–34, 584 A.2d at 305 (emphasis in original). The petitioner thus contends that she was not required to prove any causal connection between her present disability and a work-related injury because benefits were suspended by the referee.

■ The flaw in the petitioner's argument is her failure to recognize that there are two *separate and distinct* disabling injuries involved, i.e., the 1979 injury where benefits were terminated pursuant to the petitioner's signing of a final receipt and the 1983 injury where benefits were suspended because of the petitioner's improvement in earning power. In its discussion in *Pieper*, concerning the burden of proof where benefits had been suspended, the Supreme Court did state that "the law does require that he prove by a preponderance of the evidence that it is the *same disability* that the law presumes occurred during his original employment and for which he initially received workmen's compensation benefits." *Id.*, 526 Pa. at 33, 584 A.2d at 305. (Emphasis added.) Dr. Schwartzman, the petitioner's medical expert, never once mentioned the 1983 work-related injury, testifying instead that all of her problems stemmed from the 1979 work-related injury. As benefits were suspended only with regard to the 1983 injury, an injury which the referee had found to be a new injury, the petitioner was required to prove, *at a minimum*, that her present disability stemmed from the 1983 accident. As Dr. Schwartzman never mentioned the 1983 incident, we agree with the referee's conclusion that the petitioner failed to present any evidence which linked the present disability to the 1983 injury. The petitioner's argument with regard to *Pieper* would be correct if at some time she had proven that the 1983 injury was connected to the 1979 injury. Having failed to ever so prove, her argument that the referee imposed too high a burden of proof must be rejected.

■ The referee went on to treat the petitioner's present action as either a petition to reinstate benefits with regard to the 1979 injury or a petition to set aside a final receipt which had been signed in December of 1980. He concluded that neither of these actions had been filed in a timely fashion. We agree.

Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772 (Supp.1991–92) requires that a reinstatement petition

be filed "within three years after the date of the most recent payment of compensation made prior to the filing such petition." *Id.* Similarly, Section 434 of the Act requires a petition to set aside a final receipt be filed within three years of the last payment of compensation. 77 P.S. § 1001 (Supp.1991–92). In this case, the petitioner has received no payments for the 1979 work-related injury since she signed the final receipt in December of 1980. She argues that her petition is timely because she last received compensation benefits on December 1, 1986, the date benefits were suspended by the referee *for the 1983 work-related injury.* For the same reasons set forth earlier in this opinion for rejecting the petitioner's first argument, payments made on the 1983 injury simply have no relevance on a question of timeliness of petitions relating to the 1979 injury. The referee and the Board were thus correct in concluding that the petitioner was time barred from recovering with regard to her 1979 work-related injury.

Affirmed.

## ORDER

NOW, November 19, 1991, the order of the Workmen's Compensation Appeal Board, dated February 22, 1991, at No. A–90–1970, is affirmed.