636 A.2d 1245

**Glenn HARTMAN, Jr., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MOYER PACKING COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted July 2, 1993.

Decided Jan. 7, 1994.

Steven H. Kitty, for petitioner.

Bernard J. McLafferty, Jr., for respondent.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

Glenn Hartman, Jr. (Claimant) appeals an order of the Workmen's Compensation Appeal Board (WCAB) reversing a referee's award of attorney fees under § 440 of The Pennsylvania Workmen's Compensation Act (Act).[1]

While working for Moyer Packing Company (Employer), Claimant sustained a work-related injury to his left arm and

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031. Section 440 was *added by* section 3 of the Act of February 8, 1986, P.L. 25, *as amended,* 77 P.S. § 996.

hand on March 27, 1986. On or about August 18, 1986, Claimant and Employer signed a supplemental agreement. The supplemental agreement indicated that Claimant had only one "workable arm" but nonetheless called for Claimant to sign a final receipt, which he did on the same day. Claimant then returned to light-duty employment. He continued working until June 16, 1987, when Employer fired him for not accepting a position on the "cold floor." Thereafter, Claimant filed a petition for reinstatement and a petition to set aside final receipt. Employer answered both petitions, denying all material allegations.

After a consolidated hearing on both of Claimant's petitions, the referee[2] granted both petitions and, finding Employer's contest to be unreasonable, ordered Employer to pay Claimant's attorney fees. The following conclusions of law are relevant to this appeal:

> 5. Defendant has shown no reasonable basis for contest since the final receipts as written are a nullity. The Supplemental Agreement marked as D–2 is at best, absurd; at least, a flagrant violation of the Act.[3]
>
> . . . .
>
> 9. Claimant's counsel is entitled to fees of twenty percent in addition to [litigation expenses], to be paid solely by the Defendant for failure to show a reasonable basis for contest.

The WCAB reversed the referee's award of attorney fees but affirmed the referee's decision in all other respects. Employer did not appeal the WCAB's order. Claimant, however, has appealed to this court[4] on the sole issue of whether the

2. Referees are now called Worker's Compensation Judges under the new amendments to the Worker's Compensation Act effective August 31, 1993. Because this case was before the referee prior to the effective date of the amendments, however, we will refer to her as referee and not as Worker's Compensation Judge.

3. Although the referee viewed the supplemental agreement as a "flagrant violation of the Act," she did not assess penalties against Employer under § 435 of the Act, 77 P.S. § 991. Claimant has not raised and therefore we decline to address whether penalties were warranted.

4. ·Our scope of review is to determine whether the findings of fact are supported by substantial evidence, whether an error of law has been

WCAB erred in reversing the referee's award of attorney fees.[5] We agree with Claimant that the WCAB erred in reversing the referee's award of attorney fees.

 Section 440 of the Act requires that attorney's fees be imposed upon the employer unless a reasonable basis for the contest has been established. *Morgan Corporation v. Workmen's Compensation Appeal Board (Strock)*, 139 Pa.Commonwealth Ct. 520, 590 A.2d 1375 (1991). The burden of proving reasonable contest is on the employer. *McConnell v. Workmen's Compensation Appeal Board (Western Center)*, 111 Pa.Commonwealth Ct. 521, 534 A.2d 571 (1987). The question of whether an employer's contest is reasonable is a question of law fully reviewable by this court. *William H. Rorer, Inc. v. Workmen's Compensation Appeal Board (Staffieri)*, 110 Pa.Commonwealth Ct. 642, 532 A.2d 1283, *appeal denied*, 520 Pa. 580, 549 A.2d 139 (1988).

 Here, Employer and Claimant executed a final receipt in conjunction with and on the same day as a supplemental agreement which indicated that Claimant remained disabled, having only one usable arm. A final receipt terminates the employer's obligation to pay compensation to the claimant and should not be issued unless the claimant is fully recovered. It is highly inappropriate for the Employer to induce Claimant to sign a final receipt if the Employer is aware and acknowledges, as here, that the claimant is not fully recovered. Under such circumstances, Employer could not possibly have

committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

5. Employer contends that Claimant's appeal should be quashed because his brief does not conform to the Pennsylvania Rules of Appellate Procedure. Claimant's brief does contain various technical defects, the most notable of which is that copies of the referee's and WCAB opinions are not appended to the brief, in violation of Pa.R.A.P. 2111(b). However, this same information appears in the Reproduced Record. We do not find that the defects in Claimant's brief are so substantial that they inhibit this court from conducting meaningful appellate review. *Cf. Lucarelli v. Workmen's Compensation Appeal Board (Emerson Electric)*, 119 Pa.Commonwealth Ct. 72, 546 A.2d 151 (1988).

had a reasonable basis for contesting Claimant's petition to set aside the final receipt.

■ Employer argues that its contest of Claimant's petition to set aside the final receipt was reasonable because Employer presented medical evidence which conflicted with Claimant's medical evidence. Reasonable contest is established when medical evidence is conflicting or susceptible to contrary inferences and there is no evidence that employer's contest was frivolous or filed to harass claimant. *Majesky v. Workmen's Compensation Appeal Board (Transit America, Inc.)* 141 Pa.Commonwealth Ct. 398, 595 A.2d 761 (1991), *appeal denied,* 529 Pa. 653, 602 A.2d 862 (1991). Here, however, regardless of the conflicting medical testimony, because Employer acknowledged Claimant's ongoing disability, it was unreasonable for Employer to contest Claimant's petition to set aside a final receipt.[6]

■ Employer also argues that even if its contest was unreasonable, this case must be remanded for a determination by the referee concerning the amount and difficulty of the work performed by Claimant's counsel. We agree. The reasonableness of the attorney fees depends on the difficulty of the work performed by the claimant's attorney. *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service),* 140 Pa.Commonwealth Ct. 51, 592 A.2d 358 (1991). Where the referee has failed to make sufficient findings regarding the work performed by Claimant's attorney, we must remand the case for such a determination. *Id.* Here, the referee made no finding whatsoever on the work performed by Claimant's counsel, and merely assessed a fee of 20% of all compensation paid to Claimant.

In accordance with the above opinion, we reverse that portion of the WCAB's decision which denied attorney fees to Claimant. We remand this case to the WCAB with instructions to remand to the referee for a determination of the

6. This does not mean that Employer is without a remedy if Employer believes Claimant is fully recovered from his work-related injury. Employer is free to file a termination petition at any time.

amount and difficulty of work performed by Claimant's attorney.

## *ORDER*

AND NOW, this 7th day of January, 1994, that portion of the WCAB's decision, dated December 31, 1992, which denied attorney fees to Claimant is reversed. This case is remanded to the WCAB and the WCAB is instructed to remand to the referee for a determination of the amount and difficulty of work performed by Claimant's attorney.

Jurisdiction relinquished.