Enoch BARNES, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MIDLAND–ROSS CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 27, 1996.
Decided Nov. 8, 1996.

Thomas W. Kuster, Sharon, for petitioner.

Daniel W. Deitrick, Carnegie, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Enoch Barnes (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial of Claimant's reinstatement petition. We affirm.

Claimant suffered a work-related injury, a lumbar-sacral strain, while in the course of his employment with Midland–Ross Corporation (Employer). Claimant received benefits pursuant to a notice of compensation payable and various supplemental agreements. On May 18, 1983, a supplemental agreement, suspending benefits, was entered into between the parties asserting Claimant's return to work on April 25, 1983 at wages equal to those earned at the time of his original work-related injury. Thereafter, on May 27, 1983, Claimant signed a final receipt alleging his ability to return to work on April 25, 1983 without a loss of earning power.

A supplemental agreement dated August 1, 1983, allegedly entered into by the parties, states that Claimant had suffered a reoccur-

rence of his work-related injury. As noted by both the Board and the referee, this document was not signed by Claimant, had the typewritten word "corrected" in capital letters in the upper right hand corner and was received by the Bureau of Workers' Compensation on August 17, 1983.

Thereafter, on March 2, 1989, Claimant filed a petition for reinstatement of compensation alleging a recurrence of his original work-related injury. This petition also asserted that Claimant's original compensation claim had been suspended and made no reference to the final receipt signed by Claimant on May 27, 1983. Employer denied liability and the case proceeded before a referee.

The referee dismissed Claimant's petition for reinstatement finding that the final operative document in this case was the final receipt signed by Claimant on May 27, 1983. The referee found that the "corrected supplemental agreement" dated August 1, 1983 was not valid as it was not executed by both parties and appeared to modify an earlier commencement date for disability. The referee concluded that Claimant's petition of reinstatement was barred because of the three-year statute of limitations period to set aside a final receipt. The Board affirmed.

On appeal before this Court,[1] Claimant argues that (1) the referee erred as a matter of law in concluding that the final operative document in this case was the final receipt dated May 27, 1983, and that (2) the referee erred in finding that Claimant returned to work with no loss of wages as this conclusion is not supported by substantial evidence.

■ The referee held that Claimant's petition for reinstatement, filed March 2, 1989, was barred by the statute of limitations as the final operative document in this case is the final receipt dated May 27, 1983. The Board affirmed and dismissed Claimant's argument that a limitation period of 500 weeks applies as a corrected supplemental agreement was filed on August 17, 1983.

---

1. Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

■ A final receipt is prima facie evidence of the termination of an employer's liability to pay disability compensation under an agreement or an award. Section 434 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1001. *Hartman v. Workmen's Compensation Appeal Board (Moyer Packing Co.),* 161 Pa.Cmwlth. 255, 636 A.2d 1245 (1994). However, if it is later discovered that a claimant's work-related injury has not fully ceased, then a claimant, in order to receive additional compensation, may file a petition to set aside a final receipt.[2]

In this case, however, Claimant did not choose to file a petition to set aside a final receipt, but, rather, filed a "corrected supplemental agreement" dated August 1, 1983. As such, Claimant argues, the time limitation allowed for the period to file a modification petition is operative in this case. We disagree.

■ As the record clearly reflects, and Claimant admits, a final receipt was signed by the parties on May 27, 1983, thus starting the limitations period as enunciated in Section 434 of the Act, 77 P.S. § 1001, which dictates a three year time limitation in order for a claimant to set aside a final receipt. *Fritz v. Workmen's Compensation Appeal Board (Atlas Power Co.),* 143 Pa.Cmwlth. 517, 599 A.2d 310 (1991).

■ This Court has recently held that Section 434 of the Act is a statute of repose and completely extinguishes a claimant's substantive right, not just a remedy, if he or she fails to claim a right to compensation within the time limits of the statute. *Sharon Steel Corp. v. Workmen's Compensation Appeal Board (Myers),* 670 A.2d 1194 (Pa.Cmwlth. 1996), *appeal denied,* 544 Pa. 679, 678 A.2d

368 (1966).[3] Unlike a statute of limitations, an expiration period in a statute of repose not only limits a remedy, but completely and totally extinguishes the right of a claimant to receive or to be entitled to benefits. *Palm v. Workmen's Compensation Appeal Board (Cluett Peabody and Co., Inc.),* 78 Pa. Cmwlth. 63, 466 A.2d 1108 (1983), *affirmed* 507 Pa. 555, 492 A.2d 1118 (1985). In *Sharon Steel,* this Court held that since Section 434 of the Act is a statute of repose and completely extinguishes a claimant's right to compensation under the Act, a supplemental agreement executed after the signing of a final receipt is therefore unenforceable.[4]

Claimant signed the final receipt on April 25, 1983 and filed the reinstatement petition at issue in this case on March 2, 1989. As such, we hold that as a matter of law, Claimant had failed to file his petition in a timely manner and is therefore time-barred from asserting his rights to compensation benefits.

As a result, Claimant's right to compensation under the Act is completely extinguished and the subsequent filing of the August 1, 1983 supplemental agreement did not revive these rights and has no effect on Claimant's right to receive benefits.[5] The referee and the Board, therefore, were not in error in dismissing Claimant's reinstatement petition.

Accordingly, we affirm.

### ORDER

AND NOW, this 8th day of November, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

2. In order to successfully set aside a final receipt, a claimant must establish by sufficient credible evidence that all disability due to the original work-related injury has not terminated when the final receipt was executed. *Strattan Homes, Inc. v. Workmen's Compensation Appeal Board (Hollis),* 159 Pa.Cmwlth.433, 633 A.2d 1250 (1993).

3. *See also Steibing v. Workmen's Compensation Appeal Board (City of Hazleton),* 665 A.2d 865 (Pa.Cmwlth.1995), *appeal denied,* 544 Pa. 640, 675 A.2d 1254 (1996).

4. *Sharon Steel,* 670 A.2d at 1198. *See generally Crawford v. Workmen's Compensation Appeal Board (Peugot Contracting),* 134 Pa.Cmwlth.89, 577 A.2d 966 (1990), which held that Section 434's time limitation period is an absolute bar for a claimant's ability to obtain benefits.

5. Claimant also argues that the referee erred in finding that Claimant returned to work with no loss of wages as this finding is not supported by substantial evidence. As we conclude that Claimant's petition is time barred, we will not address this issue.