**Richard RIGGLE, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PRECISION MARSHALL STEEL COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 23, 2005.

Decided Jan. 13, 2006.

E. J. Julian, Washington, for petitioner.

Terry L. M. Bashline, Pittsburgh, for respondent.

BEFORE: McGINLEY, Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Richard Riggle (Claimant) petitions for review of two orders of the Workers' Com-

pensation Appeal Board (Board). The Board's first order of March 28, 2002, affirmed in part that portion of the Workers' Compensation Judge's (WCJ) December 29, 1998 decision dismissing Claimant's reinstatement petition as untimely with regard to his claim for compensation in the form of indemnity benefits, reversed that portion of the WCJ's decision dismissing Claimant's reinstatement petition as untimely with regard to his claim for compensation in the form of medical benefits, and remanded the matter for further proceedings. On remand, the WCJ, by decision dated June 22, 2004, denied Claimant's reinstatement petition and the Board's second order of June 13, 2005, affirmed the WCJ's June 22, 2004 decision. We affirm.

Claimant sustained a work-related injury to his lower back on January 16, 1993 [1] while employed by Precision Marshall Steel Company (Employer). Employer accepted liability and issued a notice of compensation payable (NCP) on January 29, 1993. The NCP described Claimant's injury as a lumbosacral strain.

Claimant returned to light duty employment in March 1993 and he continued working through July 6, 1993, when he was suspended from employment for reasons unrelated to his work-related injury. At that time, Employer gave Claimant the choice between being terminated with grievance procedures or a voluntary resignation with the signing of a final receipt. Claimant chose to tender his voluntary resignation and signed a final receipt dated August 9, 1993. Claimant received his last payment of worker's compensation disability benefits on August 17, 1993.

Thereafter, Claimant filed a reinstatement petition. In response, Employer filed a termination petition seeking a termination of Employer's liability to continue paying Claimant's medical expenses related to his work-related injury under the final receipt obligation.[2] The petitions were consolidated and, after hearings, the WCJ issued a decision dated January 9, 1996,[3] denying Claimant's reinstatement petition and granting Employer's termination petition as of June 16, 1993. In addition, the WCJ ordered that Employer was liable and obligated to pay Claimant's reasonable, necessary and causally related expenses incurred in the treatment of his work-related injury to the date of the WCJ's decision, to wit January 9, 1996, and not thereafter.

On or about December 3, 1997, Claimant filed a second reinstatement petition alleg-

---

1. We note that the WCJ and the Board refer to the date of Claimant's work-related injury as "June 16, 1993" and as "January 16, 1993". However, it is clear from the record that the correct date of Claimant's work-related injury is January 16, 1993.

2. Employer was not seeking to terminate compensation in the form of indemnity benefits as those benefits were already terminated by the final receipt. *See Barnes v. Workmen's Compensation Appeal Board (Midland–Ross Corporation)*, 684 A.2d 1107 (Pa.Cmwlth. 1996), *petition for allowance of appeal denied*, 549 Pa. 705, 700 A.2d 443 (1997) (A final receipt signed by a claimant is prima facia evidence of the termination of the employer's liability.); *see also Strattan Homes v. Work-men's Compensation Appeal Board (Hollis)*, 159 Pa.Cmwlth.433, 633 A.2d 1250 (1993) (A signing of a final receipt by a claimant terminates his or her right to disability benefits while his or her right to medical benefits continues.).

3. Although the WCJ, the Board, and the parties in this matter refer to the January 17, 1996 circulation date of the WCJ's decision, the record shows that the actual date of the WCJ's decision and order was January 9, 1996. *See* Original Record, Employer's Exhibit No. A. (We note that Claimant was excused from filing a reproduced record with this Court.)

ing that his condition had worsened since the WCJ's January 9, 1996 decision. Claimant requested reinstatement of his worker's compensation benefits as of December 1, 1997. Employer filed a timely and responsive answer denying the material allegations contained in Claimant's reinstatement petition. Therein, Employer alleged that Claimant's reinstatement petition was barred by the applicable statute of limitations as it was not filed within three years of the date that Claimant's benefits were terminated, June 16, 1993, or within three years of the date of the last payment of worker's compensation benefits, August 17, 1993. Hearings before a WCJ ensued.

At the second hearing before the WCJ, the parties requested a ruling on Employer's statute of limitations defense before going forward on the merits. The WCJ agreed and by decision and order circulated December 29, 1998, the WCJ dismissed Claimant's reinstatement petition pursuant to Section 413 of the Workers' Compensation Act[4] (Act) as untimely filed. The WCJ found that the last payment of wage loss benefits to Claimant was by check dated August 17, 1993, and that Claimant's December 3, 1997 reinstatement petition was not filed within three years after the date of the most recent payment. The WCJ found further that although Claimant may have received benefits in the form of payment of medical bills through January 9, 1996, the payment of medical bills did not constitute payment of compensation for purposes of extending the three year statute of limitations found in Section 413 of the Act.

Claimant appealed the WCJ's decision to the Board. By order dated March 28, 2002, the Board: (1) affirmed in part that portion of the WCJ's decision dismissing Claimant's reinstatement petition as untimely with regard to his claim for compensation in the form of indemnity benefits; (2) reversed that portion of the WCJ's decision dismissing Claimant's reinstatement petition as untimely with regard to his claim for compensation in the form of medical benefits; (3) and remanded the matter for further proceedings for consideration of whether Claimant was entitled to a reinstatement of compensation in the form of medical benefits.

Claimant appealed the Board's March 28, 2002 decision to this Court which, by order of May 23, 2002, quashed his appeal as interlocutory. This Court quashed Claimant's appeal without prejudice to raise issues regarding the dismissal of the reinstatement petition as untimely in any appeal from the final order in this matter.

On remand, Claimant testified on his own behalf before the WCJ and presented the October 29, 2003, deposition testimony of Glenn Brenneman, D.C., who is a licensed chiropractor.[5] Employer present-

---

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772. Section 413 of the Act provides, in pertinent part, as follows:

 A worker's compensation judge ... may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition ..., upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased.... Provided, That, except in the case of eye injuries, no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstate, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition....

5. Claimant also presented the February 28, 1995 deposition testimony of Dr. Maurice A. Pisciottano, the December 1, 1994 deposition testimony of Dr. Jay Karpen, and the July 11, 1995 deposition testimony of Dr. Dennis J.

ed the December 8, 2003 deposition testimony of Richard Kasdan, M.D., who is board-certified in neurology and psychiatry.[6]

Based on the evidence presented, the WCJ found that Claimant's condition related to his January 16, 1993 work-related injury did not worsen following the WCJ's January 9, 1996 decision such that Claimant again required medical treatment for his work-related injury. In so finding, the WCJ accepted as credible and persuasive the testimony and opinions of Employer's medical expert, Dr. Kasdan, that Claimant had fully recovered from any affects related to the lumbar strain injury that Claimant suffered on January 16, 1993. Dr. Kasdan opined, based on his physical examination of Claimant on November 17, 2002, that there were no objective findings that would substantiate Claimant's subjective complaints of pain as related to Claimant's work-related injury and that any pain that Claimant is currently experiencing is due to degenerative disc disease, de-conditioning, and obesity. The WCJ rejected the testimony and opinions of Claimant's medical expert, Dr. Brenneman, to the extent that the doctor was of the opinion that Claimant's physical condition related to his January 16, 1993 work injury had worsened to the point that he again required medical treatment for his work injury.

The WCJ found Claimant's testimony credible regarding the events surrounding his January 16, 1993 work-related injury and that following his work-related injury he was able to return to modified duty work but was subsequently terminated from employment for reasons unrelated to his work injury. However, the WCJ rejected Claimant's testimony as not credible that his condition had worsened since January 9, 1996 to the extent that he required further medical treatment for his work-related injury.

Accordingly, the WCJ concluded that Claimant failed to sustain his burden of proving that following the WCJ's January 9, 1996 decision, his physical condition related to his January 16, 1993 work injury worsened such that he again required medical treatment for his injury. Therefore, the WCJ denied Claimant's reinstatement petition.

Claimant appealed the WCJ's decision and the Board affirmed. This appeal followed.

■ Initially, we note that this Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa. Cmwlth.382, 539 A.2d 11 (1988).

Herein, Claimant raises the following issues for our review:

1. Whether the payment of medical expenses during the pendency of an employer's termination petition or an employee's reinstatement petition consti-

---

Courtney, all of which were taken for purposes of the prior litigation in this matter. The WCJ admitted these depositions into the record solely for the historical value.

6. Employer also presented the January 5, 1995 deposition testimony of Dr. Donald J. McGraw, which was taken for purposes of the prior litigation in this matter. The WCJ admitted this deposition into the record solely for the historical value.

tutes "compensation" under Section 413 of the Act for purposes of determining the timeliness of a subsequent reinstatement petition;

2. Whether the Board correctly concluded that the payment of Claimant's medical bills pursuant to the WCJ's January 9, 1996 decision revived Claimant's claim for medical expenses, but did not revive the statute of limitations with regard to the reinstatement of compensation in the form of indemnity benefits; and

3. Whether substantial evidence exists to support that Claimant's physical condition related to the January 16, 1993 work-related injury worsened such that he again required medical treatment for his work-related injury following the WCJ's January 9, 1996 decision.

Claimant first argues, based on this Court's decision in *Golley v. Workers' Compensation Appeal Board (AAA Mid–Atlantic, Inc.)*, 747 A.2d 1253 (Pa.Cmwlth. 2000), *petition for allowance of appeal denied*, 569 Pa. 696, 803 A.2d 736 (2002), that the payment by Employer of his medical expenses related to his work-related injury pursuant to the WCJ's January 9, 1996 order tolled the three year statute of limitations found in Section 413 of the Act.[7] Claimant argues that this Court in *Golley* held that the payment of medical expenses by an employer is considered compensation and, therefore, tolls the statute of limitations. Although Claimant acknowledges that *Golley* dealt with the three year limitation found in Section 315 of the Act[8] and not Section 413, he argues that since both Sections 413 and 315 deal with a three year limitation, his reinstatement pe-

7. Employer argues that the first two issues raised on appeal by Claimant have been waived due to his failure to raise these issues before the Board in his appeal, after remand, from the WCJ's June 22, 2004 decision and order denying Claimant's reinstatement petition. Employer contends that Claimant's sole issue to the Board in his appeal from the WCJ's June 22, 2004 order was that the WCJ erred in making credibility determination concerning the respective medical witnesses and that Claimant failed to raise any issue with respect to the timeliness of his petition to reinstate compensation in the form of indemnity benefits. Thus, Employer contends that Claimant has waived any issue of whether the WCJ or the Board was correct that the petition for reinstatement of wage loss benefits was untimely. We disagree.

The record shows that Claimant raised the timeliness issue before the Board when Claimant appealed the WCJ's initial December 29, 1998 decision. As a result of Claimant's first appeal, the Board remanded for further proceedings rendering its March 28, 2002 decision and order interlocutory. As the matter was remanded, we conclude that Claimant did not waive the issues he properly preserved in his first appeal when, on remand, the WCJ correctly only addressed whether Claimant was entitled to reinstate-

ment of compensation in the form of medical expenses. Furthermore, this Court permitted Claimant in our May 23, 2002 order quashing Claimant's appeal from the Board's March 28, 2002 interlocutory order to raise the issues regarding the dismissal of his reinstatement petition as untimely in any appeal from the final order in this matter. As the Board's June 13, 2005 order is the final order in this matter and as Claimant properly raised the timeliness issues in his petition for review of the Board's March 28, 2002 and June 13, 2005 orders, we decline to hold that Claimant has waived the timeliness issues.

8. 77 P.S. § 602. Section 315, provides, in pertinent part, as follows:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition.... Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition....

tition filed pursuant to Section 413 is not substantially different than a petition filed under Section 315 of the Act.

Claimant argues further that since it is clear from this Court's decision in *Golley* that the payment of medical expenses constitutes compensation, the Board committed an error of law by ruling that the payment of medical expenses pursuant to the WCJ's January 9, 1996 order did not toll the three year limitation period. We conclude that Claimant's contentions are totally without merit based on our courts' interpretations of the three year limitations found in Section 413 and Section 315 of the Act, which is a statute of repose.[9]

It is undisputed that this matter is governed by the three year statute of limitations found in Section 413 of the Act and not the three year statute of repose found in Section 315 of the Act. It is the settled law of this Commonwealth that while payments of medical expenses in cases governed by Section 315 of the Act do toll that section's three year limitation, payments of medical expenses in cases governed by Section 413 of the Act do not toll that section's three year statute of limitations. As most recently stated by our Supreme Court in *Westinghouse Electric Corporation/CBS v. Workers' Compensation Appeal Board (Korach)*, 584 Pa. 411, 429–31, 883 A.2d 579, 591 (2005):

"[A] critical distinction exists between the statute of repose present in *Section 315*, where the employer's liability has not yet ripened, and the statute of limitations of *Section 413(a)*, where employer's liability has been established. Pursuant to the former section, payment of medical expenses and/or wage loss benefits as payments in lieu of compensation may toll the time limitations of *Section 315*. *Schreffler* [*v. Workers' Compensation Appeal Board (Kocher Coal Co.)*, 567 Pa. 527, 788 A.2d 963 (2002)]. Conversely, however, pursuant to the latter, liability is established and medical expenses and wage loss benefits are then considered separately. [*Section 306(f.1)(9),*][10] *77 P.S. § 531(9). ... Section 306(f.1)(9)* precludes the tolling of the limitations period of *Section 413(a)* by payments for medical treatment...."

(Emphasis in original). *See also O'Brien*, 690 A.2d at 1265 (The payment of medical expenses are wholly independent of the statute of limitations on a petition to modify or reinstate benefits and cannot, in turn, toll the statute of limitations found in Section 413 of the Act.).

Accordingly, we reject Claimant's arguments that the payment by Employer of medical expenses pursuant to the WCJ's decision of January 9, 1996 tolled the three year statute of limitations found in Section 413 of the Act or that the payment of such medical expenses constituted "compensation" as that term is used in Section 413. As such, the Board did not err in concluding that Claimant's reinstatement petition,

---

9. This Court has noted that "[t]here is a crucial distinction between a statute of repose, where the employer's liability has not been established, and a statute of limitations where the employer's liability has already been determined." *O'Brien v. Workers' Compensation Appeal Board (Montefiore Hospital)*, 690 A.2d 1262, 1263 n. 6 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 550 Pa. 694, 704 A.2d 1383 (1997). In cases governed by a statute of limitations, medical expenses and compensation are considered to be separate. *Id.*

10. Section 306(f.1)(9) of the Act specifically provides that "payment by an insurer or employer for any medical, surgical or hospital services or supplies after any statute of limitations provided for in this act shall have expired shall not act to reopen or revive the compensation rights for purposes of such limitations."

filed on December 3, 1997, seeking compensation in the form of indemnity benefits was untimely filed as it was filed more than three years after August 17, 1993, the date of the last payment of compensation by Employer.

■ Next, Claimant argues that substantial evidence exists to support a finding that his condition has worsened since the WCJ's January 9, 1996 decision such that he again required medical treatment for his work-related injury. However, Claimant makes no specific argument with regard to this contention and fails to direct this Court to the evidence he believes supports his contention. Instead, Claimant contends that because of the ruling that his reinstatement petition was not timely filed, he was prevented from proceeding with his case on the merits. As a result, Claimant argues that this matter should be remanded for further proceedings on the merits of his reinstatement petition.

As Claimant makes no specific contention of error with regard to the Board's affirmance of the WCJ's June 22, 2004 decision denying Claimant's reinstatement petition requesting compensation in the form of medical expenses, we affirm the Board's June 13, 2005 order in this regard.[11] To the extent that Claimant is arguing that this matter should be remanded for a decision on the merits with respect to his reinstatement petition requesting compensation in the form of indemnity benefits, we reject Claimant's argument as we have held that the Board properly concluded that such petition was untimely filed.

Accordingly, the Board's orders of March 28, 2002 and June 13, 2005 are affirmed.

### ORDER

AND NOW, this 13th day of January, 2006, the orders of the Workers' Compensation Appeal Board, dated March 28, 2002 at A99–0129 and dated June 13, 2005 at A04–1852, are affirmed.

---

11. Moreover, a review of the certified record in this matter reveals that the WCJ's June 22, 2004 decision and order in this matter is supported by substantial evidence. It was well within the province of the WCJ to accept the testimony of Employer's medical expert as credible and to reject the testimony of Claimant's medical expert as not credible. *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.)*, 83 Pa. Cmwlth. 451, 479 A.2d 631 (1984) (It is axiomatic that determinations as to witness credibility and evidentiary weight are not subject to appellate review.); *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Cmwlth. 461, 593 A.2d 921, *petition for allowance of appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991) (The WCJ, as the ultimate fact finder in workers' compensation cases, has exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part.).