IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Benjamin D. Wilson,                  :
                                          : No. 1429 C.D. 2015
                 Petitioner   : Submitted: January 15, 2016
                                            :
               v.                   :
                                            :
Workers' Compensation Appeal      :
Board (OCI, Inc.),               :
                                            :
                 Respondent   :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                FILED: February 24, 2016


        Benjamin D. Wilson (Claimant) petitions for review, *pro se*, of the June 11, 2015, order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to award Claimant benefits for the period from August 1, 2013, to October 1, 2013.[1] We affirm.

        Claimant worked for Graft Oil of OCI, Inc. (Employer) as a tractor-trailer driver. (WCJ's Findings of Fact, Nos. 1, 7.) On January 23, 2012, Claimant filed a claim petition alleging an August 9, 2011, work-related injury. (*Id.*, No. 7.) In an April 12, 2013, decision, the WCJ concluded that Claimant sustained a work-

---

[1] The WCAB also affirmed the WCJ's decision to grant Claimant's penalty petition.

related aggravation of his preexisting left hip degenerative osteoarthritis. (*Id.*) The aggravation, caused by use of the tractor-trailer's clutch, resulted in pain in Claimant's left hip and leg, which necessitated chiropractic treatment performed by Michael A. Roche, D.C. (*Id.*) The aggravation, however, did not accelerate or alter the left hip degeneration. (*Id.*, Nos. 7-8.) Claimant continued to work for Employer without restrictions, and the WCJ ordered Employer to pay Claimant's medical expenses. (*Id.*, Nos. 8, 9b.)

On May 30, 2013, Claimant filed a penalty petition, alleging that Employer failed to pay Claimant's medical expenses in violation of the WCJ's April 12, 2013, order. (*Id.*, No. 1.)

On August 5, 2013, Claimant filed a claim petition alleging temporary, total disability as of July 31, 2013, resulting from the August 9, 2011, work-related injury. (*Id.*, No. 3.)

On August 10, 2013, Claimant filed another claim petition alleging a July 23, 2013, work-related injury, wherein Claimant caught his foot in a hose and twisted his body, resulting in severe pain down his left leg and hip. (*Id.*, Nos. 5, 9d.) Claimant alleged total disability commencing August 1, 2013, and continuing. (*Id.*, No. 5.)

At the WCJ's hearing, Claimant testified that after his August 9, 2011, injury, he continued to work as a tractor-trailer driver without restriction. (*Id.*, No. 9b.) Since his August 9, 2011, injury, Claimant has continued to treat with Dr.

2

Roche. Claimant testified that while at work on July 23, 2013, his foot got caught in a hose and he twisted his hip. (*Id.*, No. 9d.) Although the pain in his hip worsened, he continued to work. (*Id.*, No. 9f.) Claimant acknowledged that he informed his boss that on the previous day, July 22, 2013, he was using a weed whacker on his property that aggravated his leg pain. (*Id.*, No. 9m.) Claimant testified that Dr. Roche imposed work restrictions on him on July 24, 2013. (*Id.*, No. 9g.) Claimant worked on July 29, 2013, performing his regular duties. (*Id.*, No. 9h.) On July 31, 2013, Dr. Roche removed Claimant from work. (*Id.*)

In his testimony, Dr. Roche stated that he started treating Claimant for his degenerative hip condition and leg pain in November 2011 and continues to treat Claimant two or three times per week. (*Id.*, No. 12.) Dr. Roche diagnosed a subluxation of Claimant's left hip and sacrum with radiation of pain into his lower extremity. (*Id.*) Dr. Roche saw Claimant on July 24, 2013, and noticed an increase in Claimant's symptomatology for approximately two weeks. (*Id.*) Dr. Roche stated that the treatment he provides to Claimant is not a cure for his underlying degenerative hip condition; it merely alleviates Claimant's discomfort for a short time. (*Id.*)

Employer presented the deposition testimony of Ari E. Pressman, M.D., who examined Claimant on October 2, 2013. (*Id.*, No. 13.) Dr. Pressman reviewed Claimant's medical records, took Claimant's medical history, and reviewed Claimant's x-rays. (*Id.*) Dr. Pressman concluded that Claimant has severe late-stage arthritis in both hips, which would be consistent with osteoarthritis. (*Id.*) The x-rays did not show evidence of any previous trauma or healing. (*Id.*)

3

Dr. Pressman observed that Claimant had a number of exacerbations of pain from using a weed whacker, tripping over a hose, and using a clutch. (*Id.*) However, none of these incidents had any long-term impact on Claimant's underlying degenerative disease. (*Id.*) Claimant has severe late-stage arthritis and will have symptomatology whether he is at work or at home engaged in simple activities such as walking. (*Id.*)

The WCJ concluded that Employer failed to pay Claimant's work-related medical expenses and granted the penalty petition. (WCJ's Conclusions of Law, No. 4.) As to the alleged July 23, 2013, work-related injury, the WCJ concluded that Claimant did suffer a work-related exacerbation of pain in his left hip, which precluded Claimant from performing his pre-injury job until October 1, 2013, when Claimant returned to his baseline. (*Id.*, No. 5; WCJ's Findings of Fact, No. 15.) The WCJ noted that both doctors agreed that Claimant had returned to his baseline. (WCJ's Findings of Fact, No. 15.) The WCJ terminated Claimant's benefits for both the August 9, 2011,[2] and July 23, 2013, injuries on October 1, 2013. (WCJ's Conclusions of Law, No. 5.)

Claimant appealed to the WCAB, which affirmed. The WCAB concluded that substantial evidence supported the WCJ's finding that Claimant had fully recovered from the exacerbation of his preexisting degenerative arthritis and

---

[2] The WCJ concluded that Claimant had already established a work-related injury on August 9, 2011, and, consequently, the claim petition filed in connection with that injury was moot.

4

that Claimant's present complaints of pain are attributable to his preexisting degenerative arthritis. (WCAB's Op. at 5.) This appeal followed.[3]

On appeal, Claimant argues that Findings of Fact Numbers 7-13, 15, and 19, which summarize the WCJ's previous findings, Claimant's testimony, and the testimony of the medical witnesses, "need to be looked at." (Cl.'s Br. at 4.) To the extent that Claimant is suggesting that the findings are not supported by substantial evidence, our review of the record indicates that substantial evidence supports the WCJ's findings.[4] To the extent that Claimant is requesting that we re-weigh the evidence, this court may not do so. *See Riggle v. Workers' Compensation Appeal Board (Precision Marshall Steel Company)*, 890 A.2d 50, 57 n.11 (Pa. Cmwlth. 2006) (stating that the WCJ's determinations as to evidentiary weight and witness credibility are not subject to appellate review).

Claimant next argues that the WCJ erred in terminating his benefits as of October 2, 2013, because Employer did not file a termination petition. We observe that in a claim petition, the claimant has the burden of proving all necessary elements, including the duration of the disability. *Pennsylvania Uninsured Employers Guaranty Fund v. Workers' Compensation Appeal Board (Bonner and Fitzgerald)*, 85 A.3d 1109, 1114-15 (Pa. Cmwlth. 2014). Here, the WCJ determined that on July

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[4] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Workers' Compensation Appeal Board (USX Corporation-Fairless Works)*, 862 A.2d 137, 143 n.6 (Pa. Cmwlth. 2004).

5

23, 2013, Claimant suffered a work-related aggravation of his preexisting degenerative hip condition, which resulted in increased pain. However, the WCJ further credited the testimony of Dr. Pressman that Claimant had recovered from the work-related aggravation as of the date of his examination on October 1, 2013. Accordingly, the WCJ did not err in terminating Claimant's benefits as of October 2, 2013.

Claimant next argues that the WCJ erred in crediting the testimony of Dr. Pressman because he examined Claimant on only one occasion. Claimant maintains that Dr. Roche, who treated Claimant on numerous occasions, was more qualified to render an opinion as to Claimant's leg and hip pain. We observe, however, that it is within the province of the WCJ to determine witness credibility. *Lombardo v. Workers' Compensation Appeal Board (Topps Company)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997). Therefore, we find no error.

Lastly, Claimant argues that the WCJ erred in accepting Dr. Pressman's testimony because Dr. Pressman did not believe that Claimant suffered a work-related injury, which contradicts the WCJ's previous decision. We note that Dr. Pressman did acknowledge that using a clutch would make Claimant's arthritic hip sore and exacerbate his pain. (N.T., 1/8/14, at 13-14.) Dr. Pressman opined, however, that using the clutch did not cause Claimant's arthritis to progress, nor did it have any long-term impact on Claimant's degenerative condition. (*Id.* at 16-17.) This is consistent with the WCJ's previous finding that using the clutch caused pain but did not accelerate or materially alter the degeneration of Claimant's left hip.

6

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Benjamin D. Wilson,             :
                                      : No. 1429 C.D. 2015
                   Petitioner    :
                                        :
                   v.              :
                                        :
Workers' Compensation Appeal  :
Board (OCI, Inc.),            :
                                        :
                   Respondent   :

O R D E R

AND NOW, this 24th day of <u>February</u>, 2016, we hereby affirm the June 11, 2015, order of the Workers' Compensation Appeal Board.

                                          _____
                                      ROCHELLE S. FRIEDMAN, Senior Judge